IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES "CHAD" CAIN, III §<br>§<br>   Plaintiff §<br>§<br>v. §<br>§<br>ALEDO INDEPENDENT SCHOOL DISTRICT, §<br>FRED COLLIE and SUSAN BOHN, §<br>§<br>   Defendants. § | CIVIL ACTION: 4:20-cv-00442-O |

## PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES

Charles "Chad" Cain, III files his Brief in Support of Rule 12(b)(6) Motion to Dismiss the Counter-Claim filed by Defendant Aledo Independent School District, Defendant Fred Collie and Defendant Susan Bohn and Rule 12(f) Motion to Strike Defenses.

### Relief Requested

1.  Plaintiff asks the Court under FED. R. CIV. P. 12(b)(6) to dismiss Defendants' claim for attorney's fees and costs raised in Defendants' First Amended Answer because Defendants fail to state a claim upon which relief can be granted.

2.  Plaintiff asks the Court under FED. R. CIV. P. 12(f) to strike Defendants' various defenses in the First Amended Answer as the statement of defenses is insufficient, immaterial and/or redundant.

3.  Alternatively, Plaintiff asks under FED. R. CIV. P. 12(e) that the Court order Defendants to re-plead these various challenged defenses.

### Basis for the Relief Requested

4.  In Defendants' First Amended Answer filed on May 6, 2020 in state court just before

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 1**

CAINMOTION12B6BRIEF.wpd

removal of this action, Defendants sought recovery of their attorney's fees and costs, stating "all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation."[1] This claim for attorney's fees and costs should be dismissed as the pleading does not provide fair notice of the claim and does not state factual allegations showing the right to relief is plausible.

5.      In their First Amended Answer, Defendants also raise various defenses in an inadequate, conclusory fashion that fail to provide fair notice of the defenses.  Plaintiff filed Special Exceptions in state court, but no rulings were made before removal.  As the Answer does not provide fair notice of the defenses, it is deficient as a matter of law and should be struck under FED. R. CIV. P. 12(f) and/or Defendants should be ordered to re-plead the defenses under FED. R. CIV. P. 12(e).

## Argument and Authorities

**Standard For Dismissal Under Rule 12(b)(6)**

6.      FED. R. CIV. P. 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible.[2]  A pleading with only labels and conclusions or a formulaic recitation of the elements is insufficient.[3]  A Rule 12(b)(6) "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief..."[4]

---

[1] Defendants did not serve the removal documents on Plaintiff, apart from the Notice of Removal [Doc. 1] itself, without any attachments.  But it appears from the Court's docket that Defendants' First Amended Answer was filed with the removal papers as Document 4-29.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3 (2007).

[3] *Id*.

[4] *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 2**
CAINMOTION12B6BRIEF.wpd

7.       Detailed factual allegations are not required, but the pleading must include facts sufficient to "nudge [the] claims across the line from conceivable to plausible. ..."[5] Stated another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level".[6] In this case, Defendants' allegations of their counter-claim are "so sketchy or implausible that they fail to provide sufficient notice"[7] of the claim. After *Twombly* and *Iqbal*, "it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating how a defendant violated that law, proves only a theoretical possibility that a cause of action could be stated ... , not that [the counter-plaintiff] *did* state a cause of action."[8]

8.       Defendants seek recovery of their attorney's fees and costs, but their counter-claim merely recites the law without stating any facts at all. The pleading of the claim for attorney's fees in state court said the following:

> **Defendants assert their entitlement to recover their attorneys' fees and costs incurred in defending this matter. Further, Defendants would show that all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation. Moreover, Defendants are entitled to either dismissal or judgment in their favor. Defendants therefore seek recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to TEX. EDUC. CODE ANN. § 11.161 (Vernon 2017). Moreover, Defendants seek recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to the Texas Rules of Civil Procedure, including but not limited to TEX. R. CIV. P. 13, the Federal Rules of Civil Procedure, including but not limited to FED. R. CIV. P. 11, the Local Rules, the Texas Civil Practice and Remedies Code, common law, and judicial interpretation.**[9]

---

[5] *Twombly*, 550 U.S. at 570.

[6] *Id*. at 555; see also *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

[7] *Id.*

[8] *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp.2d 967, 979 (E.D. Tex. 2010).

[9] See Defendants' First Amended Answer, P3, ¶10 [Doc. 4-29].

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 3**
CAINMOTION12B6BRIEF.wpd

A cursory review makes clear Defendants did not plead any facts at all to support their claim. The allegation that "all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation" is conclusory, it fails to state facts and it fails to identify which claims are "frivolous", "unreasonable" or "without foundation".

9. The Fifth Circuit applies the requirements of Rule 12(b)(6), *Twombly* and *Iqbal* to counterclaims.[10] Without any factual allegations at all, Defendants fail to nudge their claims across the line from conceivable to plausible. The absence of facts leaves the claim at the speculative level, as the allegations are so sketchy and implausible, they fail to provide fair notice of the counterclaim. Accordingly, Plaintiff requests dismissal of Defendants' counterclaim for attorney's fees and costs, because Defendants failed to plead facts to support the counterclaim.

**Standard to Strike Pleadings Under Rule 12(f)**

10. "[M]otions to strike a defense are generally disfavored, [but] a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."[11] The issue the Court must decide is whether the affirmative defenses are insufficient as a matter of law.[12] One court of appeals has said "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task."[13]

---

[10]*SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 943-944 (5th Cir. 2018).

[11]*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982) (citations omitted).

[12]*Id.*

[13]*Geomc Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2nd Cir. 2019) (citing *Iqbal*, 556 U.S. at 679)).

Defendants should be required to plead defenses in a plausible fashion.

11.   The Court here should "accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[14]  But Defendants must plead their defenses with sufficient factual allegations "to raise a right to relief above the speculative level."[15]  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[16]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[17] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18]

12.   Plaintiff asks the Court to undertake the "two-pronged approach" the Supreme Court in *Iqbal* said was required by *Twombly*, to determine whether Defendants plausibly state their defenses.[19] First, the Court should identify the pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth."[20]  Legal conclusions "must be supported by factual allegations."[21]  Upon identifying well-pleaded factual allegations, the Court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"[22]  A claim

---

[14]*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[15]*Twombly*, 550 U.S. at 555.

[16]*Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

[17]*Twombly*, 550 U.S. at 555.

[18]*Id.* at 557.

[19]*Iqbal*, 556 U.S. at 679.

[20]*Id.*

[21]*Id.*

[22]*Id.*

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 5**

has facial plausibility when there is sufficient factual content to allow a court to draw reasonable inferences.[23] This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] Defendants' allegations fail to meet this common sense standard.

### Immunities and Lack of Jurisdiction

13. Paragraph 2 of Defendants' First Amended Answer does not state facts to support the defenses of "sovereign immunity", "Eleventh Amendment immunity" or "governmental immunity". With this absence of facts, Defendants are not entitled to any assumption that their legal conclusions are true, nor that defenses are plausible. Defendants also fail to provide fair notice of the defenses of "sovereign immunity" or "governmental immunity". The Court should strike these defenses.

14. Defendants' "Eleventh Amendment immunity" is conclusory. ELEVENTH AMENDMENT generally prohibits individuals from filing lawsuits against states in federal court.[25] But governments forfeit ELEVENTH AMENDMENT immunity when they remove state-law claims to federal court.[26] The Court should therefore dismiss Defendants' ELEVENTH AMENDMENT immunity defense.

15. Paragraph 4 of Defendants' First Amended Answer does not state any facts supporting Collie's and Bohn's alleged "qualified immunity", "official immunity", "professional statutory immunity", nor "immunity and protections provided by the Paul D. Coverdell Teacher Protection Act of 2001 ...". Absent any facts, Defendants are not entitled to a assumption by the Court that their legal conclusions are true, nor that these defenses are plausible. Defendants' pleading of defenses

---

[23]*Id.*

[24]*Id.* at 664.

[25]*Hans v. Louisiana*, 134 U.S. 1 (1890).

[26]See *Lapides v. Board of Regents*, 535 U.S. 613, 614 (2002).

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 6**
CAINMOTION12B6BRIEF.wpd

also fails to provide fair notice of Collie's and Bohn's purported entitlement to any immunity.

16.     Paragraphs 11 and 12 of Defendants' First Amended Answer state no facts to support Defendants' jurisdictional challenge that "immunity has not been waived." With this absence of facts, Defendants are not entitled to an assumption that these legal conclusions are true, nor that their defenses are plausible. Defendants' pleading of these defenses also fails to provide fair notice of Defendants' jurisdictional challenge based on the alleged absence of waiver of any immunity. With the deficiencies in Defendants' pleadings of immunities and jurisdictional challenges, with Defendants merely reciting "labels and conclusions" and making a formulaic recitation of the elements of these defenses, the Court should strike these immunity defenses and jurisdictional pleas.

### Waiver, Estoppel, Limitations, Administrative Remedies, Failure to Mitigate

17.     Paragraph 5 of Defendants' First Amended Answer does not state facts to support Defendants' claim of entitlement to the defenses of waiver, estoppel, failure to file within the statute of limitations, failure to timely initiate and timely exhaust administrative remedies, failure to mitigate damages, and after-acquired evidence for any and all claims asserted against them. With the absence of any facts, Defendants are not entitled to any assumption by the Court that their legal conclusions are true, nor that these defenses are plausible.

18.     Paragraph 7 of Defendants' First Amended Answer does not state facts supporting Defendants' claim of "Plaintiff's failure to timely initiate administrative remedies", nor notice of the claimed "failure to timely exhaust administrative remedies". This allegation is also redundant of Paragraph 5 in Defendants' First Amended Answer. With the absence of facts, Defendants are not entitled to any assumption that their legal conclusions are true, nor that their defenses are plausible.

**PLAINTIFF'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES - Page 7**
CAINMOTION12B6BRIEF.wpd

Plaintiff asks the Court to strike these boilerplate defenses of waiver, estoppel, failure to file within the statute of limitations, failure to timely initiate and timely exhaust administrative remedies, failure to mitigate damages, and after-acquired evidence.

### Jurisdictional Prerequisites and Conditions Precedent

19.     Paragraph 6 of Defendants' First Amended Answer does not state any facts to support the denial "that all jurisdictional prerequisites have been met by Plaintiff", nor do Defendants provide fair notice of the denial that "all conditions precedent to the filing of this suit have been performed." Without pleading facts and because they simply recite "labels and conclusions" along with the elements of a defense, Defendants are not entitled to any assumption that their conclusory statements are true, nor that these defenses are plausible. Defendants also fail to provide fair notice of the "jurisdictional prerequisites" or "conditions precedent" that they claim have not been satisfied or performed. As Defendants' pleading of these defenses fails to provide fair notice, while the boilerplate allegations also have no factual support, Plaintiff is entitled to have the Court to strike these defenses related to "jurisdictional prerequisites" and "conditions precedent".

### Job Related, Reasonably Necessary Actions

20.     Paragraph 8 of Defendants' First Amended Answer does not state facts to support the defense "that any challenged action, practice, or policy is job-related and reasonably necessary to business operations." Lacking facts, this "formulaic recitation of the elements of a [defense] will not do." Defendants are not entitled to the assumption that this conclusory statement about a "challenged action, practice, or policy" is true. Because Defendants' pleading that a "challenged action, practice, or policy is job-related and reasonably necessary to business operations" has no factual support and

is not plausible as Plaintiff was not an employee, the Court should strike this defense.

### Valid, Non-Discriminatory, Non-Retaliatory Reasons

21. Paragraph 9 of Defendants' First Amended Answer does not state facts to support the defense "that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied)." This is also a conclusory allegation unsupported by facts. Defendants are entitled to no assumption of the truth of this allegation. As Defendants' pleading of this defense has no factual support and is not plausible, Plaintiff asks the Court to strike this defense.

### TEXAS TORT CLAIMS ACT

22. Paragraphs 13, 14, 27 and 29 of Defendants' First Amended Answer reference the TEXAS TORT CLAIMS ACT (TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq*.). But all of these allegations omit any facts that would support any defense under the TEXAS TORT CLAIMS ACT. Plaintiff also shows he has not alleged a cause of action under the TEXAS TORT CLAIMS ACT. As such, Plaintiff lacks notice of any factual basis for these allegations. With Defendants' failure to offer facts, they also fail provide fair notice of any defenses under the TEXAS TORT CLAIMS ACT. As Defendants lack any factual support for these defenses, Plaintiff requests asks the Court to strike these defenses.

### Course and Scope of Employment and Discretionary Acts

23. Paragraph 15 of Defendants' First Amended Answer alleges Defendant Bohn and Defendant Collie "acted within the course and scope of their duties", Paragraph 16 alleges Defendant Bohn and Defendant Collie "performed discretionary acts", and Paragraph 17 alleges Defendant Bohn and

is not plausible as Plaintiff was not an employee, the Court should strike this defense.

### Valid, Non-Discriminatory, Non-Retaliatory Reasons

21. Paragraph 9 of Defendants' First Amended Answer does not state facts to support the defense "that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied)." This is also a conclusory allegation unsupported by facts. Defendants are entitled to no assumption of the truth of this allegation. As Defendants' pleading of this defense has no factual support and is not plausible, Plaintiff asks the Court to strike this defense.

### TEXAS TORT CLAIMS ACT

22. Paragraphs 13, 14, 27 and 29 of Defendants' First Amended Answer reference the TEXAS TORT CLAIMS ACT (TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq*.). But all of these allegations omit any facts that would support any defense under the TEXAS TORT CLAIMS ACT. Plaintiff also shows he has not alleged a cause of action under the TEXAS TORT CLAIMS ACT. As such, Plaintiff lacks notice of any factual basis for these allegations. With Defendants' failure to offer facts, they also fail provide fair notice of any defenses under the TEXAS TORT CLAIMS ACT. As Defendants lack any factual support for these defenses, Plaintiff requests asks the Court to strike these defenses.

### Course and Scope of Employment and Discretionary Acts

23. Paragraph 15 of Defendants' First Amended Answer alleges Defendant Bohn and Defendant Collie "acted within the course and scope of their duties", Paragraph 16 alleges Defendant Bohn and Defendant Collie "performed discretionary acts", and Paragraph 17 alleges Defendant Bohn and

Defendant Collie "acted with judgment and discretion". None of these allegations include any facts to support these defenses. Instead, Defendants simply recite conclusory allegations or formulaic statements of defenses. Defendants also fail to offer any facts to support their claims that they acted "with judgment and discretion". As such, Plaintiff asks the Court to strike these allegations.

### TEXAS WHISTLEBLOWER ACT

24.     Paragraphs 26, 28 and 29 of Defendants' First Amended Answer that reference the TEXAS WHISTLEBLOWER ACT (TEX. GOV'T CODE § 554.001 *et seq*.) do not state facts to support any defenses related to the TEXAS WHISTLEBLOWER ACT. Plaintiff is not employed by any Defendant and he does not assert a cause of action under the TEXAS WHISTLEBLOWER ACT. Plaintiff shows Defendants fail to allege any facts to provide fair notice of these allegations, the allegations are clearly not plausible and they should be struck. Defendants' allegations in paragraphs 26, 28 and 29 are simply additional conclusory allegations with no factual support. Defendants are not entitled to any assumption by the Court that these defensive allegations under the TEXAS WHISTLEBLOWER ACT are true. As Plaintiff was never employed by any Defendant, it is also clear Defendants' allegations related to the TEXAS WHISTLEBLOWER ACT have no factual support, they are not plausible and the Court should strike these defenses.

### Credits and Offsets

25.     Paragraph 30 of Defendants' First Amended Answer that alleges "entitlement to any allowable credits or offsets against a judgment" is not supported by any facts. Defendants simply recite conclusory allegations and they fail to provide any factual information that would provide fair notice of any "allowable credits ... against a judgment", nor what "allowable ... offsets against a

judgment" that are referred to by these allegations. Without any supporting facts, these formulaic recitations are not entitled to an assumption by the Court that they are true. do not provide fair notice of what offsets or credits Defendants claim are applicable. As these allegations of "allowable credits" and "allowable ... offsets" have no factual support, they are not plausible and Plaintiff asks the Court to strike this defense.

**Request for More Definite Statement Under Rule 12(e)**

26. Plaintiff acknowledges that Fed. R. Civ. P. 8 requires that Defendants "[i]n responding to a pleading, ... must: (A) state in short and plain terms its defenses to each claim asserted against it". But Defendants have failed to do this. Instead, as noted above, Defendants simply recite a series of labels without any statement of their defenses "in short and plain terms". Plaintiff is not provided fair notice of these defenses by Defendants' formulaic recitation of defenses that lack even a statement of specific elements and that contain no facts at all to support the defensive allegations.

27. More specifically, the allegations in paragraph 2 of Defendants' First Amended Answer of defenses of "sovereign immunity", "Eleventh Amendment immunity" or "governmental immunity" lack factual support, these allegations are merely labels, they are conclusory and they fail to provide fair notice of these defenses.

28. The allegations in paragraph 4 of the Answer on "qualified immunity", "official immunity", "professional statutory immunity", and "immunity and protections provided by the Paul D. Coverdell Teacher Protection Act of 2001 ..." lack factual support, these allegations are merely labels, they are conclusory and they fail to provide fair notice of the defenses.

29. The allegations in paragraph 5 of the Answer asserting defenses of "waiver, estoppel, failure

to file within the statute of limitations, failure to timely initiate and timely exhaust administrative remedies, failure to mitigate damages, and after-acquired evidence" lack factual support, they merely recite labels, they are conclusory and they fail to provide fair notice of these defenses.

30. The allegations in paragraph 6 of the Answer "that all jurisdictional prerequisites have been met by Plaintiff" and that "all conditions precedent to the filing of this suit have been performed" lack factual support, they are merely labels, they are conclusory and they fail to provide fair notice of these defenses.

31. The allegations in paragraph 7 of the Answer of an alleged "failure to timely initiate administrative remedies" or a "failure to timely exhaust administrative remedies" lack factual support, they merely recite labels, they are conclusory and fail to provide fair notice of the defenses.

32. The allegation in paragraph 8 of the Answer "that any challenged action, practice, or policy is job-related and reasonably necessary to business operations" lacks factual support, it is merely a label, it is conclusory and it fails to provide fair notice of the defense.

33. The allegations in paragraph 9 of the Answer "that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied)." lacks factual support, they are merely labels, they are conclusory and they fail to provide fair notice.

34. The allegations in paragraphs 11 and 12 of the Answer that "immunity has not been waived" lack factual support, they are labels, they are conclusory and they fail to provide fair notice.

35. The allegations in paragraphs 13, 14, 27 and 29 of the Answer reference the TEXAS TORT

CLAIMS ACT (TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq*., but these allegations lack factual support, they are merely labels, they are conclusory and they fail to provide fair notice.

36.     The allegation in paragraph 15 of the Answer that Defendant Bohn and Defendant Collie "acted within the course and scope of their duties", the allegation in paragraph 16 that Defendant Bohn and Defendant Collie "performed discretionary acts" and the allegation in paragraph 17 that Defendant Bohn and Defendant Collie "acted with judgment and discretion" all lack factual support, they are merely labels, they are conclusory and they fail to provide fair notice of these defenses.

37.     The allegations in paragraphs 26, 28 and 29 of the Answer that reference the TEXAS WHISTLEBLOWER ACT all lack factual support, they are merely labels, they are conclusory and they fail to provide fair notice of these defenses.

38.     The allegation in paragraph 30 of the Answer that alleges "entitlement to any allowable credits or offsets against a judgment" lacks factual support, it is merely a label, it is conclusory and it fails to provide fair notice of these defenses.

39.     If the Court is unwilling to strike these challenged defenses, Plaintiff requests that the Court order Defendants to re-plead these challenged defenses in order that Plaintiff is provided the factual bases of the defenses, which are not apparent from Defendants' First Amended Answer.

### Conclusion and Prayer

40.     For the reasons stated above, Plaintiff asks the Court to dismiss Defendants' claims for attorney's fees and costs with prejudice for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).  Plaintiff also requests that the Court strike the challenged defenses described above under FED. R. CIV. P. 12(f) because the defenses have no factual support, they are

not facially plausible and they do not provide fair notice to Plaintiff. In the alternative, Plaintiff asks the Court to require Defendants to re-plead these challenged defenses to make a more definite statement of these defenses as required by FED. R. CIV. P. 12(e).

WHEREFORE, Plaintiff Charles "Chad" Cain, III, prays the Court grant his motions under Rule 12, dismiss the counterclaim for attorney's fees and costs; strike the defenses that lack factual support; or alternatively, order Defendants to re-plead the challenged defenses; and thereafter grant such other and further relief to which Plaintiff may show himself to be justly entitled.

> Respectfully submitted,
>
> LAW OFFICES OF WILLIAM J. DUNLEAVY
>
>  /s/ *William J. Dunleavy*
> William J. Dunleavy
> State Bar No. 00787404
> 825 Watters Creek Boulevard
> Building M, Suite 250
> Allen, Texas 75013
> Telephone No. 972/247-9200
> Facsimile No. 972/247-9201
> Email: bill@williamjdunleavy.com
>
> ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF FILING AND SERVICE

I certify on May 12, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to attorneys of record, including Defendants' counsel, Bridget Robinson, at <brobinson@wabsa.com> who have consented to accept this notice as service of this pleading by electronic means.

> s/ *William J. Dunleavy*
> William J. Dunleavy