UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00442-O |
| | § | |
| ALEDO INDEPENDENT SCHOOL | § | |
| DISTRICT, FRED COLLIE and | § | |
| DR. SUSAN BOHN | § | |
|     Defendants. | § | |

**DEFENDANTS' SECOND AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Aledo Independent School District ("Aledo ISD" or "AISD"), Fred Collie, and Dr. Susan Bohn, and file their Second Amended Answer in response to Plaintiff's Third Amended Complaint.

**I.  ANSWER**

1.  Pursuant to FED. R. CIV. P. 8(b), Defendants deny each and every allegation in Plaintiff's Third Amended Complaint except those allegations specifically admitted below.

2.  Defendants admit that the Aledo ISD is a political subdivision of the State of Texas.

3.  Defendants admit that this Court has federal question jurisdiction, but deny the veracity of all Plaintiff's allegations in her Third Amended Complaint other than those admitted in this Answer. Defendants admit that this Court has supplemental jurisdiction over pendent state claims, but deny the veracity of Plaintiff's pendent state claims.

4.  Defendants admit that Dr. Susan Bohn is the Superintendent of the Aledo Independent School District.

5.  Defendants admit Fred Collie is an employee of AISD who holds the position of Chief of

Police of AISD Police Department.

6.     Defendants admit Plaintiff's son is a student in AISD.

7.     Defendants admit Plaintiff's son was involved in an incident with another student at AISD.

8.     Defendants admit Plaintiff was contacted on September 10, 2019, regarding an incident between Plaintiff's son and another student, as alleged in Paragraph 40 of Plaintiff's Third Amended Complaint.

9.     Defendants admit April Wilson, a substitute teacher, did not observe the incident between Plaintiff's son and the other student and that the school nurse was contacted.

10.    Defendants admit when nurse Amber Seastrunk arrived at the class, Plaintiff's son was on the floor with his eyes closed.  Defendants admit Plaintiff's son responded to Seastrunk's verbal commands and Plaintiff's son was transported to the nurse's clinic in a wheelchair, as alleged in Paragraph 43 of Plaintiff's Third Amended Complaint.

11.    Defendants admit that the mother of the other student involved in the incident with Plaintiff's son was a teacher for AISD.

12.    Defendants admit Mandy Musselwhite is an employee of AISD.

13.    Defendants admit on September 12, 2019, Assistant Principal Diaz sent to Plaintiff two statements regarding the incident between Plaintiff's son and another student.  Defendants admit that Student 2's statement used the word "annoying" and referenced noises made by Plaintiff's son. Defendants specifically deny the characterization of the statement as "the bully's confession."

14.    Defendants admit that Plaintiff spoke to AISD Police Department Officer Wesley Cummings on September 16, 2019, regarding Plaintiff's desire to press charges against the student involved in the incident with Plaintiff's son.  Defendants admit that Plaintiff informed Officer Cummings that his son had sustained a concussion.

15.     Defendants admit Liz Wein is an athletic trainer for AISD, and Officer Cummings noted in his report that Wein diagnosed Plaintiff's son with a concussion.

16.     Defendants admit on September 16, 2019, AISD employee Joe Rouquemore emailed Plaintiff and stated, "[w]e do not discuss other students [sic] disciplinary actions."

17.     Defendants admit Officer Cummings noted in his report "September 17th, Mr. Cain returned to the school and I informed him that I would need medical documentation stating that his son did in fact, have a concussion."

18.     Defendants admit Officer Cummings investigated the allegation of assault on Plaintiff's son. Defendants admit that Lt. Alvarez received the case for review.  Defendants admit the case was submitted to the Parker County Juvenile Probation Department and the Parker County District Attorney's Office.

19.     Defendants admit Plaintiff reported an alleged bullying incident involving his son.

20.     Defendants admit Officer Cummings noted in his report that he received a copy of the  school nurse's Progress Notes regarding a student incident, and a statement from school trainer Elizabeth Wein which stated she diagnosed Plaintiff's son with a concussion.

21.     Defendants admit that Plaintiff discussed his concerns related to the incident between his son and other student with Principal Mandy Musselwhite.  Defendants admit Ms. Musselwhite emailed Plaintiff on September 18, 2019, and provided him a copy of the District's grievance form that is used in formal complaints, and that Ms. Musselwhite copied AISD Athletic Director Steve Wood on the email to Plaintiff.

22.     Defendants admit Plaintiff emailed AISD Athletic Director Steve Wood on September 18, 2019, to request additional punishment for the student involved in the incident with Plaintiff's son.

23.     Defendants admit on September 18, 2019, Officer Cummings interviewed the other student

- 3 -

involved in the incident with Plaintiff's son in the presence of the other student's mother and his father. Defendants admit that Officer Cummings' report indicates that the other student stated, "So, I pushed him and he fell out of his chair and hit his head on the door."

24.     Defendants admit Plaintiff made posts on social media regarding his son and an incident involving another student, to which other individuals responded, some of which advocated violence against the other student.

25.     Defendants admit that the other student's mother was an employee of the District. Defendants admit on September 22, 2019, the other student's mother reported to Deputy Superintendent Lynn McKinney, Chief Collie, and Principal Musselwhite that based on comments made by Plaintiff on Facebook that she was "afraid for [her] children, [her] family, and [herself]...".

26.     Defendants admit the other student's mother sent an email to Chief Collie that stated, in part, "...We are still having problems with [Plaintiff] posting our child's full name. There are others as well. This is from this morning. We are very concerned about this issue," as alleged in Paragraph 75 of Plaintiff's Third Amended Complaint.

27.     Defendants admit Chief Collie sent the other student's mother an email on September 22, 2019, which stated, in part, "I am aware of and addressing the issue. When you have the opportunity, please send me all related posts."

28.     Defendants admit the other student's mother replied to Chief Collie's email on September 22, 2019, stating in part, "Thank you for your response. I have a lot of comments from the post but certainly not all 400 plus. I will forward over some now during my lunch time."

29.     Defendants admit Plaintiff went to his son's school on September 23, 2019.

30.     Defendants admit that Chief Collie spoke to Plaintiff on September 23, 2019 at his son's campus, and Chief Collie's body camera recorded the interaction with Plaintiff.

31.     Defendants admit Defendant Collie asked to visit with Plaintiff in private and moved to an office.

32.     Defendants admit Chief Collie said he was speaking "cop to cop" during his conversation with Plaintiff, who Defendants admit is an officer for the Fort Worth Police Department, which Chief Collie knew, as alleged in Paragraph 87 of Plaintiff's Third Amended Complaint.

33.     Defendants admit interaction between Chief Collie and Plaintiff was recorded by Chief Collie's body camera and the conversation between Chief Collie and Plaintiff is contained in that recording.

34.     Defendants admit that Chief Collie spoke to Plaintiff regarding complaints he had received regarding Plaintiff. Defendants specifically deny that the quotations in Paragraph 89 of Plaintiff's Third Amended Complaint are accurately transcribed, complete, or provided in context. Defendants further deny the characterization of Chief Collie's statements as a "confrontation."

35.     Defendants admit Chief Collie was aware of some of Plaintiff's posts on social media when he spoke to Plaintiff on September 23, 2019. Defendant's specifically deny the characterization that it was "the [Plaintiff's] private [Facebook] group" that Defendant was discussing with Plaintiff.

36.     Defendants admit that Chief Collie stated he was not going to create an incident report for the conversation with Plaintiff on September 23, 2019.

37.     Defendants admit that Chief Collie discussed with Plaintiff that Plaintiff named other students on social media. Defendants specifically deny that the statements in Paragraph 94 of Plaintiff's Third Amended Complaint are accurately transcribed, complete, or provided in context. Defendants further deny the characterization of Chief Collie's statements as "pressuring" the Plaintiff.

38.     Defendants admit that Chief Collie discussed with Plaintiff Chief Collie's concerns regarding Plaintiff's posts on social media. Defendants specifically deny the statements in Paragraph 96 of Plaintiff's Third Amended Complaint are accurately transcribed, complete, or provided in context.

Defendants further deny the characterization of Chief Collie's statements as pressure to stop criticizing AISD.

39.     Defendants admit Chief Collie discussed with Plaintiff an individual named Ben Youngblood and Chief Collie's concerns regarding Mr. Youngblood. Defendants specifically deny the statements in Paragraph 9 of Plaintiff's Third Amended Complaint are accurately transcribed, complete, or provided in context.

40.     Defendants admit that Chief Collie asked Plaintiff about his assignment with the Fort Worth Police Department, after Plaintiff volunteered that he was an officer with the Department.

41.     Defendants admit as of 2:30 p.m. on September 23, 2019, Chief Collie had not been instructed to issue Plaintiff a criminal trespass warning by Dr. Bohn, as alleged in Paragraph 102 of Plaintiff's Third Amended Complaint.

42.     Defendants admit that Chief Collie stated in his deposition, "And, obviously, after that conversation I was aware that your client was not going to be reasonable." Defendants specifically deny the context and characterization of Chief Collie's testimony.

43.     Defendants admit Plaintiff posted the following on the Aledo Daily Gripes Facebook page on September 23, 2019, after Plaintiff had met with Chief Collie, as alleged in Paragraph 105 of Plaintiff's Third Amended Complaint:

> Hi Aledo! I would like for y'all to think about something. The census [sic] is that most, if not all mass school shootings were caused from bullying. If this were true and society is getting worse, will it happen here in Aledo if this school administration keeps bullying the parents by pulling out the broom for the bullys [sic]? Think about that parents!!

44.     Defendants admit that the social media posts Plaintiff made on September 23, 2019 were part of the basis for issuing him a criminal trespass warning on September 24, 2019.

45.     Defendants admit Plaintiff brought only the first page of the AISD complaint form to the

AISD administration building on September 24, 2019.

46.     Defendants admit on September 24, 2019, Dr. Bohn, Chief Collie and Deputy Superintendent McKinney met to discuss Plaintiff's threatening conduct.

47.     Defendants admit that Dr. Bohn directed Chief Collie to issue Plaintiff a criminal trespass warning on September 24, 2019, as alleged in Paragraph 113 of Plaintiff's Third Amended Complaint.

48.     Defendants admit that Chief Collie did not question Dr. Bohn's decision to authorize the issuance of a criminal trespass warning to Plaintiff.

49.     Defendants admit that in Paragraph 116 of Plaintiff's Third Amended Complaint, Plaintiff restated, in part, the language of the criminal trespass warning issued to Plaintiff on September 24, 2019.

50.     Defendants admit Plaintiff was not provided a hearing prior to the issuance of the criminal trespass warning, as alleged in Paragraph 117 of Plaintiff's Third Amended Complaint.

51.     Defendants admit Plaintiff was not provided information regarding the District's grievance process simultaneously with the issuance of the criminal trespass warning, as alleged in Paragraph 118 of Plaintiff's Third Amended Complaint.

52.     Defendants admit that Chief Collie is aware of the grounds for issuing a criminal trespass warning.

53.     Defendants admit Plaintiff has not been charged with a crime regarding his posts on social media related to AISD.

54.     Defendants admit that Chief Collie stated in his deposition, "None of them were illegal in themselves, no."  Defendants specifically deny the context and characterization of Chief Collie's testimony as stated by Plaintiff in Paragraph 129 of Plaintiff's Third Amended Complaint.

55.     Defendants admit Plaintiff has not been charged with a crime by the AISD Police Department.

Defendants admit Chief Collie stated in his deposition, "Because the elements for an offense for a crime had not been met." Defendants specifically deny the context and characterization of Chief Collie's testimony as stated by Plaintiff in Paragraph 130 of Plaintiff's Third Amended Complaint.

56.    Defendants admit Chief Collie issued Plaintiff the criminal trespass warning on September 24, 2019.

57.    Defendants admit Plaintiff restated a portion of the criminal trespass warning issued on September 24, 2019, in Paragraph 133 of Plaintiff's Third Amended Complaint.

58.    Defendants admit that the criminal trespass warning prohibits Plaintiff from attending AISD events on AISD property, excluding meetings of the Board of Trustees, without authorization from the Superintendent, Deputy Superintendent McKinney, or Principal Musselwhite.

59.    Defendants admit Plaintiff was prohibited from attending some of his son's middle school football games due to the criminal trespass warning, as alleged in Paragraph 141 of Plaintiff's Third Amended Complaint.

60.    Defendants admit Plaintiff's request to drive on campus to drop off his son to school was denied.

61.    Defendants admit Plaintiff's request to attend his son's non-school related baseball practice which is held on AISD property was denied.

62.    Defendants admit Plaintiff timely filed complaints on September 30, 2019, pursuant to Board Policy FNG and CKE to contest the issuance of the criminal trespass warning and complain about Chief Collie's conduct, as alleged in Paragraph 144 of Plaintiff's Third Amended Complaint.

63.    Defendants admit that Board Policy FNG (Local) states, in part, the "Board encourages students and parents to discuss their concerns with the appropriate teacher, principal, or other campus administrator who has the authority to address the concerns," as alleged in Paragraph 146 of

Plaintiff's Third Amended Complaint.

64.     Defendants admit AISD Board Policy does not specifically reference Texas Penal Code § 30.05.

65.     Defendants admit Dr. Bohn has not submitted any policy on issuance and rescission of criminal trespass warnings to the Aledo ISD Board of Trustees for approval, as alleged in Paragraph 149 of Plaintiff's Third Amended Complaint.

66.     Defendants admit that Plaintiff cited a portion of Dr. Bohn's testimony from her deposition. Defendants specifically deny the context and characterization of such testimony by Plaintiff in Paragraph 150 of Plaintiff's Third Amended Complaint.

67.     Defendants admit that AISD is not required to give notice or warning that a person may receive a trespass warning before issuing a criminal trespass warning.

68.     Defendants admit that Chief Collie testified that criminal trespass warnings issued in AISD last until they are lifted, as alleged in Paragraph 153 of Plaintiff's Third Amended Complaint.

69.     Defendants admit that Dr. Bohn exercised her authority to authorize the issuance of a criminal trespass warning to Plaintiff.

70.     Defendants admit Dr. Bohn, as Superintendent of Schools, has the authority to issue or authorize the issuance of a criminal trespass warning to individuals who pose a threat to the safety of the student, staff or other persons, or if that person's presence causes or will cause a substantial disruption to School District operations, and to rescind such warnings.

71.     Defendants admit the District is not required to provide notice prior to issuing a criminal trespass warning.

72.     Defendants admit that Plaintiff's complaints filed on September 30, 2019, were heard at Level II by Deputy Superintendent Lynn McKinney.

73.      Defendants admit Plaintiff appealed the denial of his grievance to the AISD Board of Trustees, as alleged in Paragraph 161 of Plaintiff's Third Amended Complaint.

74.      Defendants admit the AISD Board of Trustees denied Plaintiff's Level III appeal.

75.      Defendants specifically deny that the issuance for the criminal trespass warning was illegal retaliation for Plaintiff engaging in protected conduct.

76.      Defendants specifically deny any liability in this case under any of the theories of recovery articulated by Plaintiff.

77.      Defendants deny there was a violation of Plaintiff's rights under the United States Constitution, including but not limited to the Fifth Amendment or Fourteenth Amendment pursuant to the remedy provided by 42 U.S.C. § 1983, the Texas Constitution, or any other statute or legal authority.

78.      Defendants specifically deny that the actions complained of were taken by any policy maker for the District.

79.      Defendants specifically deny that there was a violation of Plaintiff's constitutional rights that entitles him to pursue a cause of action pursuant to the remedy provided by 42 U.S.C. § 1983.

80.      Defendants specifically deny that they were deliberately indifferent toward Plaintiff or acted in bad faith or with gross misjudgment.

81.      Defendants deny that Plaintiff is entitled to a trial in this case and further deny that Plaintiff is entitled to any of the relief requested in his Third Amended Complaint.

82.      Defendants deny that Plaintiff is entitled to a favorable judgment, damages, pre-judgment interest, post-judgment interest, or any other type or form of relief.

## II.  ENTITLEMENTS AND DEFENSES

83.      Defendants assert their entitlement to both sovereign immunity and Eleventh Amendment

immunity for any and all claims brought against them.  Aledo ISD is a unit of government and a political subdivision in the State of Texas and as such, is protected from both suit and liability by the doctrines of sovereign or governmental immunity and Eleventh Amendment immunity.  Dr. Bohn and Chief Collie (collectively, the Individual Defendants), are employees of Aledo ISD who, in their official capacities, are entitled to the same immunities as the School District because a suit against them in their official capacities is the same as a suit against the School District and is therefore redundant of claims brought against the School District.

84.      Defendants Dr. Bohn and Chief Collie assert their entitlement to dismissal from this suit.  An official capacity suit is simply another method of pleading this case against the School District, which is already a party.  Any suit against the individual defendants in their official capacities is redundant of the suit against the Aledo ISD; thus, the individual defendants should be dismissed.  Alternatively, the individual defendants are entitled to summary judgment.

85.      Defendants Dr. Bohn and Chief Collie in their individual capacities assert their entitlement to qualified immunity, official immunity, and professional statutory immunity, as well as the immunity and protections provided by the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. § 6731 *et seq.* for any claims asserted against them.  Professional immunity is statutorily codified at § 22.0511 of the Texas Education Code [formerly § 22.051 and prior to then, § 21.912(b)].  The Individual Defendants are professional employees of the AISD who acted within the course and scope of their duties and at all times acted in good faith and with discretion.

86.      Defendants claim their entitlement to the defenses of waiver, estoppel, laches, failure to file within the statute of limitations, failure to timely initiate and timely exhaust administrative remedies, failure to mitigate damages, collateral estoppel, *res judicata,* and after-acquired evidence for any and all claims asserted against them.

87.     Defendants assert that this case is barred in whole or part by the applicable statute of limitations.

88.     Defendants specifically deny that all jurisdictional prerequisites have been met by Plaintiff.

89.     Defendants specifically deny that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

90.     Defendants assert that Plaintiff's failure to timely initiate administrative remedies and failure to timely exhaust administrative remedies deprives the Court of jurisdiction over Plaintiff's claims.

91.     Defendants assert that any challenged action, practice, or policy is job-related and reasonably necessary to business operations.

92.     Defendants assert that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

93.     Defendants assert lack of jurisdiction, in whole or part, over the causes of action asserted by Plaintiff, for which immunity has not been waived.

94.     Defendants affirmatively assert that there has been no waiver of Defendants' immunities in this case.  Defendants also assert that the Court lacks jurisdiction as a result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were timely initiated and timely exhausted.  Alternatively, Defendants are entitled to summary judgment on Plaintiff's claims.

95.     Pursuant to the mandate of TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2011), Defendants assert that the filing of this suit against the Aledo ISD bars the filing of suit against Dr. Bohn and Chief Collie, who as Superintendent of Schools and Chief of Police for the Aledo ISD,

respectively, are employees of the School District.

96.     Defendants assert that the filing of this suit against Dr. Bohn and/or Chief Collie bars suit

against Aledo ISD pursuant to the mandate of TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b)

(Vernon 2011).

97.     The Individual Defendants are entitled to dismissal of all state claims pursuant to the dictate

of TEX. CIV. PRAC. & REM. CODE § 101.106(e).

98.     Defendants affirmatively assert that Dr. Bohn and Chief Collie acted within the course and

scope of their duties.

99.     Defendants affirmatively assert that Dr. Bohn and Chief Collie performed discretionary acts.

100.    Defendants affirmatively assert that Dr. Bohn and Chief Collie acted with judgment and

discretion.

101.    Defendants assert that Plaintiff cannot meet his burden of demonstrating the violation of a

clearly established constitutional or statutory right of which a reasonable person would have known.

Further, Defendants affirmatively assert they did not violate a clearly established constitutional or

statutory right of which a reasonable person would have known.

102.    Defendants affirmatively assert that Dr. Bohn and Chief Collie are not proper parties to this

case.

103.    Defendants deny that Plaintiff is entitled to any form of relief, including but not limited to

damages, attorney's fees, costs, injunctive relief, or declaratory judgment.

104.    Defendants specifically assert that Individual Defendants are not liable in the capacities in

which they have been sued.

105.    Defendants specifically deny they were deliberately indifferent toward Plaintiff or acted in bad

faith or with gross misjudgment.

106.    Defendants affirmatively assert that they did not act with deliberate indifference, gross misjudgment, or in bad faith toward Plaintiff or his constitutional or statutory rights.

107.    Defendants assert that they may not be held liable under the principle of *respondeat superior* or under any theory of supervisory responsibility.

108.    Defendants affirmatively assert that 42 U.S.C. § 1983 does not create an independent cause of action.  Moreover, there was no violation of Plaintiff's constitutional or statutory rights such as would permit Plaintiff to utilize 42 U.S.C. § 1983 as a remedy.

109.    Defendants deny the existence of any custom, practice, or policy which was violated that did or could have led to the actions about which Plaintiff complains in this lawsuit but which Defendants deny.  Defendants affirmatively assert the lack of a custom, practice, or policy that would authorize Plaintiff to pursue the remedy afforded by 42 U.S.C. § 1983.

110.    Defendants assert that Plaintiff's failure to identify a custom, policy, practice, or procedure of the District that was the moving force behind any alleged constitutional violation is fatal to this case.

111.    Defendants assert that Plaintiff's failure to identify a policymaker for the District whose actions constituted the policy of the District and caused an alleged violation is fatal to this case.

112.    Defendants deny that Plaintiff was subjected to a pattern, practice, or any treatment by any Defendant in violation of any legal provision.

113.    Defendants assert that Plaintiff cannot establish the elements necessary to state a cause of action under any asserted legal theory.  Additionally, even if Plaintiff could establish the elements necessary to state a claim (which Defendants deny), Defendants assert that:  (1) they exercised reasonable care to prevent and correct promptly any discriminatory behavior or retaliatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities

provided by Defendants or to avoid harm otherwise.

114.    Defendants assert that any challenged employment action, practice, or policy is job-related and reasonably necessary to business operations.

115.    Defendants assert that any challenged employment action, practice or policy was taken for a valid, non-discriminatory and non-retaliatory reason; alternatively, any challenged employment action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

116.    Defendants specifically assert that Plaintiff was not subjected to discrimination or retaliation on the basis of disability or any other impermissible basis.

117.    Defendants affirmatively assert that there has been no waiver of their immunities in this case. Defendants also assert that the Court lacks jurisdiction as a result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were timely exhausted.  Alternatively, Defendants are entitled to summary judgment on Plaintiff's claims.

118.    Defendants assert that Plaintiff's failure to timely initiate or pursue administrative remedies and failure to exhaust administrative remedies deprives this Court of jurisdiction over Plaintiff's claims.

119.    Defendants assert all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

120.    Defendants assert the mandatory cap on damages imposed by 42 U.S.C. § 1981a.

121.    Defendants assert the statutory limitations of liability and the statutory limitations of damages imposed by 42 U.S.C. § 2000e-5.

122.    Defendants affirmatively assert the limitations to relief available to Plaintiff mandated by TEX. GOV'T CODE ANN. § 554.003 (Vernon 2014).

123.    Defendants assert the limitation on the amount of liability and damages mandated by TEX. CIV. PRAC. & REM. CODE ANN. § 101.023.  Specifically, Defendants assert the limitation on the amount of liability and damages mandated by TEX. CIV. PRAC. & REM. CODE ANN. § 101.023(b).

124.    Defendants assert all statutory limitations of liability and all statutory limitations of liability and damages (caps) applicable to this case including, but not limited to, the limitations delineated in TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.023 and 101.024.

125.    Defendants assert their entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

126.    Defendants deny that Plaintiff is entitled to a trial in this case and further deny that Plaintiff is entitled to any of the relief he requests in his Third Amended Complaint.

127.    Defendants assert that their liability, if any, and Plaintiff's damages, if any, are limited due to Plaintiff's actions.

128.    Defendants assert that Plaintiff failed to mitigate damages, if any.

129.    Defendants assert that Plaintiff is not entitled to a favorable judgment, order of the Court, costs, or attorneys' fees in this matter.

130.    Defendants claim their entitlement to recover attorneys' fees and costs of suit pursuant to FED. R. CIV. P. 54, 42 U.S.C. § 1988, TEX. EDUC. CODE ANN. § 11.161 (Vernon 2017), the Federal Rules of Civil Procedure, and judicial interpretation.

131.    Defendants assert the right to raise additional defenses that become apparent throughout the factual development of the case.

### III.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants urge this Court to deny Plaintiff any and all relief demanded in his Third Amended Complaint.  Defendants also request an award of

reasonable attorneys' fees and costs of suit.  Further, Defendants request the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/*Bridget Robinson*

BRIDGET ROBINSON
State Bar No. 17086800

WALSH GALLEGOS TREVIÑO
   RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:      (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS TREVIÑO
   RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:      (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Dunleavy
Law Offices of William J. Dunleavy, P.C.
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013

/s/*Bridget Robinson*
BRIDGET ROBINSON