UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00442-O |
| | § | |
| ALEDO INDEPENDENT SCHOOL | § | |
| DISTRICT, FRED COLLIE and | § | |
| DR. SUSAN BOHN | § | |
|     Defendants. | § | |

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S
RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS'
<u>COUNTER-CLAIM AND RULE 12(f) MOTION TO STRIKE DEFENSES</u>**

/s/*Bridget Robinson*　　　　　　　
BRIDGET ROBINSON
State Bar No. 17086800

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:　(512) 454-6864
Fax:　　(512) 467-9318
Email:　brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:　(214) 574-8800
Fax:　　(214) 574-8801
Email:　mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Aledo Independent School District, Fred Collie, and Dr. Susan Bohn, and file this Brief in Response to Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendants' Counter-Claim and Rule 12(f) Motion to Strike Defenses.[1]  Defendants show as follows:

## I.

## STATEMENT OF THE CASE AND PROCEDURAL POSTURE

This action was commenced against Defendant Aledo Independent School District and Fred Collie in the District Court for the 415th Judicial District, Parker County, Texas, on October 2, 2019. (Docket Entry "DE" 1-5).  On April 13, 2020, Plaintiff first pled a federal cause of action when he filed his First Amended Petition, and added Aledo Independent School District Superintendent of Schools Dr. Susan Bohn as a named defendant.  (DE 4-7).  Defendants filed their First Amended Original Answer on May 6, 2020.  (DE 4-29).  Defendants then timely filed a Notice of Removal, which Plaintiff did not challenge.  (DE 1).

The same day the case was removed, Plaintiff filed Plaintiff's Second Amended Complaint, immediately followed by Plaintiff's Third Amended Complaint.  (DE 5; DE 6).  On May 12, 2020, even before Defendants' time to answer Plaintiff's Third Amended Complaint had expired, Plaintiff filed the present motion, challenging Defendants' First Amended Original Answer that was filed in state court.  (DE 10).  Defendants' First Amended Original Answer has since been superseded by Defendants' Second Amended Answer, which was timely filed on May 21, 2020.  (DE 13).

Plaintiff's motion lacks merit.  It is moot as it addresses Defendants' First Amended Original

---

[1]  Plaintiff did not confer with defense counsel as required prior to the filing of a motion to strike and a motion for definite statement.  *See* N.D. L.R. 7.1.  Plaintiff's motion could be denied for this reason alone.  However, there are multiple bases on which to deny Plaintiff's motion, as delineated in Defendants' Response and this Supporting Brief.

Answer, which has been superseded by Defendants' Second Amended Answer.  If it is not deemed

moot, Plaintiff's arguments and requests for relief lack merit and should be denied in total.

## II.

### STANDARDS OF REVIEW

**A.     FED. R. CIV. P. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true

and views them in a light most favorable to the non-movant.  *Martin K. Eby Constr. Co. v. Dallas*

*Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004).  To survive a Rule 12(b)(6) motion to dismiss,

the non-movant need only plead enough facts "to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  The court may draw

reasonable inferences to determine facial plausibility.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129

S. Ct. 1937, 1950 (2009).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading need only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) requires that

"[e]ach allegation must be simple, concise, and direct.  No technical form is required."  The purpose

of Rule 8 is to provide opposing parties "fair notice of what the ... claim is and the grounds upon

which it rests."  *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964.

**B.     FED. R. CIV. P. 12(f)**

Under Federal Rule of Civil Procedure 12(f), courts may strike from any pleading any

"redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Such motions to

strike are generally disfavored.  *See, e.g., FDCIC v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993)

("because striking a portion of a pleading is a drastic remedy, and because it often is sought by the

movant ...as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently

granted"); *OKC Corp. v. Williams,* 461 F. Supp. 540, 550 (N.D. Tex. 1978). It is Plaintiff's burden here to show that (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; and (2) the challenged portion may prejudice the moving party. *Doe v. Murray,* No. A-08-CA-234 LY, 2008 WL 11333998, at *1 (W.D. Tex. Sept. 26, 2008).

## C.      FED. R. CIV. P. 12(e)

Under Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12. Under the liberal "notice pleading" requirement of Federal Rule of Civil Procedure 8, a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail. *Philip Morris USA, Inc. v. Lee,* 481 F. Supp. 2d 742, 751 (W.D. Tex. 2006). Importantly, courts have held that Rule 12(e) does not apply to challenge affirmative defenses. *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.,* 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004).

### III.

### ARGUMENT AND AUTHORITIES

## A.      **Plaintiff's Motion Is Moot As It Applies To Defendants' State Court First Amended Original Answer Which Has Been Superseded By Amendment**

Plaintiff's motion does not address Defendants' live pleading. Instead, it challenges Defendants' First Amended Original Answer, which was timely filed on May 6, 2020 in state court. Since removal, Defendants have amended their answer to address Plaintiff's expanded Third Amended Complaint. (DE 13). Plaintiff's motion is improper as it addresses a pleading that has been

superseded by amendment.   Plaintiff's motion does not address Defendants' live pleading. Consequently, Plaintiff's motion is moot.   *See, e.g., Allison v. Allstate Texas Lloyd's,* No. 4:16-CV-00979-O-BP, 2017 WL 7052202, at *1 (N.D. Tex. Aug. 30, 2017), *report and recommendation adopted,* No. 4:16-CV-00979-O-BP, 2017 WL 7052201 (N.D. Tex. Sept. 15, 2017) (motion to dismiss denied as moot due to superseding pleadings).

**B.**      **Plaintiff's Rule 12(b)(6) Motion to Dismiss Lacks Merit**

Even if the Court finds that Plaintiff's motion is not moot, it still fails on the merits.  Plaintiff first seeks dismissal of the portion of Defendants' First Amended Original Answer in which Defendants assert a claim for attorneys' fees.  Under TEX. EDUC. CODE § 11.161, attorneys' fees are allowed if a court finds a suit is "frivolous, unreasonable, and without foundation." TEX. EDUC. CODE § 11.161(1); *Lengyel v. Everman Indep. Sch. Dist.,* 205 F.3d 1338, n. 2 (5th Cir. 1999) (per curiam). In a suit to enforce rights under Section 1983, the Court has the discretion under Section 1988 to award the prevailing party reasonable attorneys' fees and related expenses.  42 U.S.C. § 1988(b); *Planned Parenthood of Houston and Southeast Texas v. Sanchez,* 480 F.3d 734, 738 (5th Cir. 2007); *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 380 (5th Cir. 1990); *Hope v. Connell,* No. 3:98-CV-929-D, 1999 WL 608855, at *6 n. 11 (N. D. Tex. Aug.11, 1999).  The Court may award attorneys' fees to the prevailing defendants if it determines that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Dean v. Riser,* 240 F.3d 505, 508 (5th Cir. 2001) (quoting *Chrisriansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)).

Plaintiff brings this action to enforce his constitutional rights under Section 1983.  Therefore, Defendants may properly assert a counterclaim in their answer to seek attorneys' fees pursuant to 42 U.S.C. § 1988.  Courts have rejected similar attempts to dismiss counterclaims seeking attorneys' fees

under 42 U.S.C. § 1988. *Nieman v. City of Dallas,* No. 3:14-CV-3897-M BF, 2015 WL 5076819, at *3 (N.D. Tex. July 23, 2015), *report and recommendation adopted,* No. 3:14-CV-3897, 2015 WL 5089567 (N.D. Tex. Aug. 27, 2015) (denying similar motion to dismiss).

A counterclaim is a proper procedural vehicle for Defendants to assert a claim for attorneys' fees in a Section 1983 action. *Hope v. Connell,* 1999 WL 608855, at *1; *Tilmon v. Texas,* A–14–CA–465–SS, 2015 WL 1292252, at *8 (W.D.Tex. Mar.23, 2015). The same is true under TEX. EDUC. CODE ANN. § 11.161. *Cavazos v. Edgewood Indep. Sch. Dist.,* 400 F. Supp. 2d 948, 966 (W.D. Tex. 2005), *aff'd,* 210 F. App'x 414 (5th Cir. 2006). Of course, courts cannot consider the counterclaim until a motion is made on that basis and motions to dismiss under FED. R. CIV. P. 12(b)(6) are premature. *See Nieman v. City of Dallas,* 2015 WL 5076819, at *3. Consequently, Plaintiff's 12(b)(6) Motion to Dismiss Defendants' requests for attorneys' fees as stated in their First Amended Original Answer should be denied.

## C.   Plaintiff Has Not Met His Burden To Strike Defendants' Pleadings Under Rule 12(f)

Motions under FED. R. CIV. P. 12(f) are rarely granted because they are often sought by the movant as a dilatory tactic. *Sw. Insulation, Inc. v. Gen. Insulation Co.,* No. 4:15-CV-601-O, 2016 WL 9244825, at *2 (N.D. Tex. June 29, 2016) (quoting *FDIC v. Niblo,* 821 F. Supp. at 449). As this Court has previously observed:

> It is the movant's burden to show the challenged allegations (1) "are so unrelated to plaintiff's claims as to be unworthy of any consideration"; and (2) that "their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Niblo,* 821 F. Supp. at 449. A court must deny a motion to strike if there is any question of fact or law and the granting of the motion is within the discretion of the court. *Id.* "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *David v. Signal Int'l, LLC,* No. 08–1220, 2013 WL 2181293, at *2 (E.D. La. May 20, 2013).
> *Sw. Insulation, Inc. v. Gen. Insulation Co.,* 2016 WL 9244825, at *2.

As in *Sw. Insulation, Inc. v. Gen. Insulation Co.,* in the case *sub judice* Plaintiff has not met his burden to show how any of the alleged deficiencies will be prejudicial to his case. Courts are clear that "conclusory statements about unfair prejudice are not enough to justify a motion to strike; a stronger showing is required under FED. R. CIV. P. 12(f)." *Auto Wax Co. v. Mothers Polishes Waxes Cleaners Inc.,* No. Civ. A. 301CV1940G, 2002 WL 368526, at *2 (N.D. Tex. March 5, 2002).

Plaintiff's motion and supporting brief are completely devoid of any discussion or analysis of how any of Defendants' defenses would result in prejudice to him. In fact, Plaintiff fails to even mention the issue of prejudice. Plaintiff's motion is not only moot as it addresses Defendants' superseded First Amended Original Answer, but it also fails due to Plaintiff's failure to address the issue of prejudice.

Plaintiff is also incorrect in asserting that Defendants' First Amended Original Answer fails to provide fair notice of the defenses at issue. Even Plaintiff acknowledges that "[d]etailed factual allegations are not required." (DE 11, p. 3, ¶ 7). Plaintiff has not demonstrated any basis to strike assertions of the entitlement to immunity, such as official immunity, qualified immunity, professional immunity, or immunity available under the Paul D. Coverdell Protection Act, all of which are directly related to the constitutional and tort claims raised against Defendants. Whether Defendants' actions were discretionary and undertaken within the scope of Defendants' employment are considerations relevant to Defendants' entitlement to immunity. Accordingly, such assertions are properly included in Defendants' answer. Plaintiff has had fair notice of Defendants' assertion of their entitlement to immunity and no prejudice has been shown. (*See, e.g.,* DE 1-21; DE 1-23; DE 1-31).

Defendants have also provided sufficient and fair notice of applicable defenses, including waiver, estoppel, limitations, exhaustion of administrative remedies, and the failure to mitigate damages, each of which have plausible connections to the case at bar. (DE 4-29). It is noteworthy

that Defendants raise the same defenses in Defendants' Original Answer filed in October of 2019, without challenge. (DE 1-13). The Tort Claims Act provides valid defenses to Defendants, which have been briefed at length in state court prior to removal. (*See, e.g.,* DE 1-21). Plaintiff was provided fair notice of those defenses. Plaintiff raised Equal Protection and First Amendment claims; therefore, defenses related to Defendants' valid, non-discriminatory and non-retaliatory reasons supporting its actions and reasonably necessary actions were properly and validly raised in Defendants' answer.

Moreover, Plaintiff has shown no prejudice for Defendants' assertions related to limits on damages against governmental entities, such as allowable credits or offsets against a judgment. Such allegations provide Plaintiff with fair notice of Defendants' affirmative defenses, and are therefore sufficient under Rule 8(c). *See, e.g., Teirstein v. AGA Med. Corp.,* No. 6:08CV14, 2009 WL 704138, at *7 (E.D. Tex. Mar. 16, 2009) (holding that unadorned recital of affirmative defense was "all that is necessary to put Plaintiff on fair notice of the defense being alleged[.]"); *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999) (noting that "in some cases, merely pleading the name of the affirmative defense ... may be sufficient" to give the plaintiff fair notice of the defense being advanced). In the case at bar, Plaintiff failed to meet his burden to establish any fatal deficiencies in defenses properly raised in Defendants' First Amended Original Answer and Plaintiff made no attempt to address the issue of prejudice as required by Rule 12(f). *Sw. Insulation, Inc. v. Gen. Insulation Co.,* No. 4:15-CV-601-O, 2016 WL 9244825, at *2. Accordingly, Plaintiff's Rule 12(f) motion to strike should be denied.

## D.    The Court Should Deny Plaintiff's Motion For More Definite Statement

Plaintiff's request for a more definite statement under Federal Rule of Civil Procedure 12(e) is likewise without merit. In his motion, Plaintiff invokes Rule 12(e) and moves for a more definite

statement with respect to Defendants' various defenses. (DE 11, pp. 11-13). However, Rule 12(e) only applies to "a pleading to which a responsive pleading is allowed...." Federal Rule of Civil Procedure 7 governs federal pleadings, and it does not permit a responsive pleading to an affirmative defense or an answer unless the court orders one. In the case at bar, the Court has not ordered a responsive pleading to Defendants' First Amended Original Answer. Consequently, Rule 12(e) is inapplicable to Defendants' affirmative defenses. Thus, Plaintiff's request for a more definite statement should be denied. *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.,* 313 F. Supp. 2d at 653 (court denied plaintiff's motion for a more definite statement of affirmative defenses).

## IV.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Aledo Independent School District, Fred Collie and Dr. Susan Bohn pray that the Court deny Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendants' Counter-Claim and Rule 12(f) Motion to Strike Defenses, and that Defendants be awarded all such other and further relief, both general and specific, at law or in equity, to which Defendants may be entitled.

Respectfully submitted,

/s/*Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800

WALSH GALLEGOS TREVIÑO
   RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:      (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS TREVIÑO
   RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:      (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Dunleavy
Law Offices of William J. Dunleavy, P.C.
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013


/s/*Bridget Robinson*
BRIDGET ROBINSON

- 9 -