UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00442-O |
| | § | |
| ALEDO INDEPENDENT SCHOOL | § | |
| DISTRICT, FRED COLLIE and | § | |
| DR. SUSAN BOHN | § | |
|     Defendants. | § | |

---

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS
BY DEFENDANTS FRED COLLIE AND SUSAN BOHN**

---

Respectfully submitted,

BRIDGET ROBINSON
State Bar No. 17086800
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:      (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:      (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

I.     Statement of the Case and Procedural Posture.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.    Defendants Collie And Bohn Are Entitled To Qualified Immunity As To Each Of
       Plaintiff's 42 U.S.C. § 1983 Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.     Qualified Immunity Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.     Plaintiff Cannot Maintain Procedural Due Process Claims Against
              The Individual Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       C.     Plaintiff Cannot Establish A Violation Of A Clearly Established
              Substantive Due Process Right. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       D.     Plaintiff Fails To State Facts To Support An Equal Protection Cause
              Of Action Against the Individual Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       E.     Plaintiff Cannot Establish The Violation Of A Clearly Established
              First Amendment Right. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       F.     Plaintiff's Suit Fails to State Cognizable Freedom Of Association
              And Assembly Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       G.     Defendants Are Entitled To Qualified Immunity On Plaintiff's First
              Amendment Right to Petition Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.     The Individual Defendants Are Entitled To Dismissal Of All State Law Claims. . . . . . . 18

       A.     Defendants Collie and Bohn Are Entitled To Official Immunity for
              Individual Capacity Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

       B.     Statutory Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Backe v. LeBlanc,*
 691 F.3d 645, 648 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Baldwin v. Daniels,*
 250 F.3d 943 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Ballantyne v. Champion Builders, Inc.*
 144 S.W.3d 417 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18, 19

*Barna v. Bd. of Sch. Dir. Of Panther Valley Sch. Dist.,*
 877 F.3d 136 (3rd Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Bell v. Low Income Women of Texas,*
 95 S.W.3d 253 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Blasi v. Pen Argyl Area Sch. Dist.,*
 512 Fed. Appx. 173 (3rd Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brennan v. Stewart,*
 834 F.2d 1248 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Borough of Duryea, Pa. v. Guarnieri,*
 564 U.S. 379, 121 S. Ct. 2488 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Carey v. Brown,*
 447 U.S. 455, 100 S. Ct. 2286 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*City of Dallas v. Stanglin,*
 490 U.S. 19, 109 S.Ct. 1591 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

*City of Lancaster v. Chambers,*
 883 S.W.2d 650 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*City of Robstown v. Ramirez,*
    17 S.W.3d 268 (Tex. App. – Corpus Christi 2000, pet. dism'd w.o.j.). . . . . . . . . . . . . . 19

*Closs v. Goose Creek Consol. Indep. Sch. Dist.,*
    874 S.W.2d 859 (Tex. App. – Texarkana 1994, no writ).  . . . . . . . . . . . . . . . . . . . . 19, 21

*Cnty. of Sacramento v. Lewis,*
    523 U.S. 833, 118 S. Ct. 1708 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Cole v. Montague Bd. of Educ.,*
    145 F. App'x 760 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Coleman v. Dretke,*
    395 F.3d 216 (5th Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Comm'r of the Gen. Land Office v. Smith,*
    5 Tex. 471 (1849).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*Connick v. Myers,*
    461 U.S. 138, 103 S.Ct. 1684 (1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Doe v. Covington Cnty. Sch. Dist.,*
    675 F.3d 849 (5th Cir. 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Doe v. Dallas Indep. Sch. Dist.,*
    194 F. Supp. 3d 551 (N.D. Tex. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dorrough v. Faircloth,*
    443 S.W.3d 278 (Tex. App. – San Antonio 2014, no pet.). . . . . . . . . . . . . . . . . . . . 19, 21

*Enriquez v. Khouri,*
    13 S.W.3d 458 (Tex. App. – El Paso 2000, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*In re Enron Corporation Securities, Derivative & ERISA Litigation,*
    No. CIV.A.H-01-3624, 2003 WL 23316646 (S.D. Tex. March 27, 2003). . . . . . . . . . .  5

*Goss v. Lopez,*
    419 U.S. 565, 95 S. Ct. 729 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Guy v. Bd. of Educ. Rock Hill Local Sch. Dist.,*
    No. 1:18-CV-893, 2020 WL 2838508 (S.D. Ohio May 31, 2020). . . . . . . . . . . . . . . .  9

*Hammond v. Katy Indep. Sch. Dist.,*
 821 S.W.2d 174 (Tex. App. – Houston [14th Dist.] 1991, no writ). . . . . . . . . . . . . . . 21

*Hansen v. Watkins Glen Cent. Sch. Dist.,*
 No. 17-CV-6143-FPG-JWF, 2019 WL 3113309 (W.D.N.Y. July 15, 2019). . . . . . 13, 15

*Harlow v. Fitzgerald,*
 457 U.S. 800,102 S. Ct. 2727 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Harmon v. Dallas Cty., Texas,*
 927 F.3d 884 (5th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17, 18

*Hunter v. Bryant,*
 502 U.S. 224 112 S. Ct. 534 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ibarra v. Houston Indep. Sch. Dist.,*
 84 F. Supp. 2d 825 (S.D. Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jackson v. McCurry,*
 762 F. App'x 919 (11th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jackson v. Port Arthur Indep. Sch. Dist.,*
 2017 WL 1425589 (Tex. App.–Beaumont, 2017, no pet.). . . . . . . . . . . . . . . . . . . . 12, 17

*James v. City of Houston,*
 138 S.W.3d 433 (Tex. App. – Houston [14th Dist.] 2004, no pet.). . . . . . . . . . . . . . . . . 8

*Jeffrey v. Bd. of Trustees of Bells ISD,*
 261 F. Supp. 2d 719 (E.D. Tex. 2003), *aff'd,* 96 F. App'x 248 (5th Cir. 2004). . . . . . . . 22

*J.R. v. Gloria,*
 593 F.3d 73 (1st Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Justice v. Farley,*
 No. 5:11-CV-99-BR, 2012 WL 83945 (E.D.N.C. Jan. 11, 2012). . . . . . . . . . . . . . . . . 9

*In re Katrina Canal Breaches Litig.,*
 495 F.3d 191 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kirkland v. Northside Independent School Dist.,*
 890 F.2d 794 (5th Cir. 1989), *cert. denied,* 496 U.S. 926, 110 S.Ct. 2620 (1990). . . . . . 13

*Kobza v. Kutac,*
 109 S.W.3d 89 (Tex. App. – Austin 2003, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . 21

*Kovacic v. Villarreal,*
    628 F.3d 209 (5th Cir. 2010)................................................. 3, 6

*Lindquist v. City of Pasadena Tex.,*
    669 F.3d 225 (5th Cir. 2012)................................................. 11

*Lovern v. Edwards,*
    190 F.3d 648 (4th Cir. 1999)............................................. 9, 14, 15

*Lowry v. Sherwood Charter Sch.,*
    691 F. App'x 310 (9th Cir. 2017)............................................ 9

*Madrid v. Anthony,*
    510 F.Supp.2d 425 (S. D. Tex. 2007)...................................... 16

*Markos v. City of Atlanta, Tex.,*
    364 F.3d 567 (5th Cir. 2004)............................................... 13

*Marquez v. Garnett*
    567 Fed. Appx. 214 (5th Cir. 2014)......................................... 6

*McCook v. Spriner School Dist.,*
    44 Fed. Appx. 896 (10th Cir. 2002).................................. 11, 12, 15

*Meadows v. Braxdale,*
    No. A-08-CA-819-SS, 2009 WL 10700907 (W.D. Tex. Aug. 18, 2009)......... 11, 16

*Meadows v. Lake Travis Indep. Sch. Dist.,*
    397 F. App'x 1 (5th Cir. 2010)........................................ 10, 11

*Mejia v. Holt Pub. Schs.,*
    No. 5:01-CV-116, 2002 WL 1492205 (W.D. Mich. March 12, 2002).............. 9

*Mitchell v. Beaumont Indep. Sch. Dist.,*
    2006 WL 2092585 ( E.D. Tex 2006)..................................... 8, 22

*Patel v. Texas Tech Univ.,*
    941 F.3d 743 (5th Cir. 2019)............................................... 11

*Pearson v. Callahan*
    555 U.S. 223, 129 S. Ct. 808 (2009)........................................ 7

*Ponce v. Soccoro Indep. Sch. Dist.,*
    508 F.3d 765 (5th Cir. 2007)........................................... 13, 22

-v-

*Quickie Chickie, Inc. v. Sexton,*
    194 F. App'x 259 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Rodgers v. Duncanville Indep. Sch. Dist.,*
    No. 3-04-CV-0365-D, 2005 WL 770712 (N.D. Tex. Apr. 5, 2005). . . . . . . . . . . . .   8, 13

*Rodgers v. Duncanville ISD,*
    No. CIV.A 3:04CV0365D, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005). . . . . . . . . . .   8

*Rose v. Doctors Hosp.,*
    801 S.W.2d 841 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Ryans v. Gresham,*
    6 F.Supp.2d 595 (E.D. Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 10, 13

*Salas v. Carpenter,*
    980 F.2d 299 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Schmidt v. Des Moines Pub. Sch.,*
    655 F.3d 811 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Spann v. Rainey,*
    987 F.2d 1110 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Telthorster v. Tennell,*
    92 S.W.3d 457 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Thomas v. Baldwin,*
    595 Fed. App'x 378 (5th Cir. Dec. 19, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*T.L. ex rel. Lowry v. Sherwood Charter Sch.,*
    No. 03:13-CV-01562-HZ, 2014 WL 897123 (D. Or. Mar. 6, 2014). . . . . . . . . . . . . .   9, 10

*Univ. of Tex. Med. Sch. v. Than,*
    901 S.W.2d 926, 929 (Tex.1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Valderas v. City of Lubbock,*
    937 F.3d 384 (5th Cir.), *cert. denied,* 140 S. Ct. 454 (2019). . . . . . . . . . . . . . . . . . . . .   3

*Vill. of Willowbrook v. Olech,*
    528 U.S. 562, 120 S.Ct. 1073 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Wallace v. Texas Tech University,*
    80 F.3d 1042 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15, 16

*Weathers v. Cano,*
    392 F. App'x 339 (5ᵗʰ Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Wilson v. Northeast Indep. Sch. Dist.,*
    No. SA-14-CA-140-FB, 2014 WL 12815803 (W.D. Tex. 2014). . . . . . . . . . . . . . .  8, 22

*Zaatari v. City of Austin,*
    No. 03-17-00812-CV, 2019 WL 6336186 (Tex. App. Nov. 27, 2019). . . . . . . . . . . . .  16

## CONSTITUTIONAL PROVISIONS AND STATUTES

Federal Provisions
United States Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8, 12, 14, 16, 17
First Amendment of the U.S. Constitution. . . . . . . . . . . . . . . . . . . . . . .  12, 13, 14, 15, 16, 17, 18
Fourteenth Amendment of the U.S. Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 10

State Provisions
Texas Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 8, 12, 16, 17
Article I, § 27 of the Texas Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Rules
FED. R. CIV. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
FED. R. CIV. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
FED. R. CIV. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
FED. R. EVID. RULE 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Statutes
TEX. EDUC. CODE ANN. § 22.051(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
TEX. EDUC. CODE § 22.0511. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 20
TEX. EDUC. CODE ANN. § 22.0511(a) (Vernon 2017). . . . . . . . . . . . . . . . . . . . . . . . . .  20, 21
Texas Penal Code § 30.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
28 U.S.C. § 2201-202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 6, 7, 18, 22

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Fred Collie and Susan Bohn and file this Brief in Support of the Motion to Dismiss by Defendants Fred Collie and Susan Bohn. In support thereof, Defendants show the Court as follows:

## I.

## STATEMENT OF THE CASE AND PROCEDURAL POSTURE

This suit arises from a trespass warning issued to Plaintiff by Aledo ISD after the School District received complaints from concerned citizens about Plaintiff's social media posts directed at Aledo ISD. After several citizens complained about the posts and expressed fears for the safety of Aledo ISD students and staff members, Aledo ISD issued Plaintiff a criminal trespass warning. Plaintiff alleges constitutional violations stemming from the issuance of that warning.

Plaintiff sued Aledo ISD and Aledo ISD Police Chief, Fred Collie, in the District Court for the 415th Judicial District, Parker County, Texas, on October 2, 2019. (Docket Entry "DE" 1-2; DE 1-5). On April 13, 2020, Plaintiff first pled a federal cause of action when he filed his First Amended Petition, and added Aledo ISD Superintendent of Schools Dr. Susan Bohn as a named defendant. (DE 4-7). The case was removed and, on the same day, Plaintiff filed Plaintiff's Second Amended Complaint, immediately followed by Plaintiff's Third Amended Complaint. (DE 1; DE 5; DE 6). Defendants' Second Amended Answer was timely filed on May 21, 2020. (DE 13).

Plaintiff invokes 42 U.S.C. § 1983 and the Texas Constitution and alleges that Defendants violated his procedural and substantive due process rights (DE 6, ¶¶ 175-188), equal protection rights (DE 6, ¶¶ 189-191), free speech rights (DE 6, ¶¶ 192-198), rights to freely associate and assemble (DE 6, ¶¶ 199-202), and right to petition (DE 6, ¶¶ 203-212).[1] This motion is brought on behalf of

---

[1] Plaintiff also raises claims for declaratory judgment under 28 U.S.C. § 2201-202 (DE 6, ¶¶ 213 -225), injunctive relief (DE 6, ¶¶ 226-234), and mandamus relief (DE 6, ¶¶ 235-240), which

the Individual Defendants, Aledo ISD Police Chief Fred Collie and Aledo ISD Superintendent Dr. Susan Bohn (the "Individual Defendants"), and requests dismissal of all § 1983 and state law claims raised against them in their individual capacities.  Because Plaintiff cannot overcome Defendants' entitlement to qualified immunity, official immunity, or statutory immunity under TEX. EDUC. CODE § 22.0511, the individual Defendants request final judgment on all claims raised against them.

## II.

### STANDARD OF REVIEW

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]."  *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id; see also Twombly,* 550 U.S. at 555, 127 S. Ct. at 1965.[2]

---

are not the subject of this motion.

[2]  This Court ordered Defendants to file a motion to dismiss on the issue of qualified immunity and stayed all discovery pending a ruling on this motion.  (DE 20).  Prior to removal, the parties had conducted extensive discovery, including written discovery and depositions of Defendants Collie and Bohn.  Moreover, Plaintiff's Third Amended Complaint contains

## III.

## STATEMENT OF FACTS

Plaintiff is a police officer at the Fort Worth Police Department.  (DE 6, ¶ 87).  This case arises from a dispute over alleged bullying of Plaintiff's son and the fact that the alleged perpetrator was allowed to remain on the football team.  (DE 6, ¶¶ 40-64).  Dissatisfied with the District's handling of Plaintiff's complaints regarding the alleged student incident, Plaintiff posted the name of the other minor student on Facebook, as well as a video he made at the campus which contained images of students, also minors.  (DE 1-54, pp. 28, 31, 35).[3]

Plaintiff later posted comments on the Aledo Daily Gripes and Aledo Class of 2025 Facebook pages, and stated, "...The census [sic] is that most, if not all, mass school shootings were caused from bullying.  If this were true and society is getting worse, **will it happen here in Aledo if this school administration keeps bullying the parents by pulling out the broom for the bullys [sic]?**  Think about that parents!!" (emphasis added).  (DE 1-54, p. 23; *see also,* DE 1-54, p. 29).  Plaintiff's post was immediately recognized as a threat, and parents of students in the District began reporting Plaintiff to the District as a potential threat.  (*See,* DE 1-54, pp.33-49; pp. 92-97).

At 9:42 p.m. on September 23, 2019, Aledo Middle School Principal, Mandy Musselwhite,

---

documentary evidence that could be considered by the Court.  To the extent the Court relies upon evidence cited by Plaintiff or in Defendants' motion, Defendants ask the Court to apply FED. R. CIV. P. 56 summary judgment standards.  An entitlement to qualified immunity alters the usual summary judgment burden of proof.  *Valderas v. City of Lubbock,* 937 F.3d 384, 389 (5th Cir.), *cert. denied,* 140 S. Ct. 454 (2019).  Although courts view the evidence in the light most favorable to the nonmoving party, the plaintiff bears the burden of demonstrating that a defendant is not entitled to qualified immunity.  *Kovacic v. Villarreal,* 628 F.3d 209, 211 (5th Cir. 2010).

[3] Docket Entry 1-54 contains exhibits to Defendant Aledo ISD's Plea to the Jurisdiction or, in the Alternative, Motion for Summary Judgment, which was filed in state court.  While not all of those exhibits were numbered by this Court's docketing system, Defendants reference them in the numerical order in which they appear.

received an email about Plaintiff's "disturbing posts" regarding Aledo Middle School and the video of students and faculty.  (DE 1-54, p. 35).  The person provided screen shots and stated, "...due to the safety of Aledo's students and staff, I wanted to make sure that you are aware of the situation if you haven't already been advised."  (DE 1-54, p. 35).

Early the following morning, at 6:12 a.m. on September 24, 2019, an anonymous email was sent describing Plaintiff as "unhinged" and "extremely disgruntled about an incident involving his son and he keeps mentioning school shootings."  (DE 1-54, p. 33).  The email urged the District to "Please put this man on your radar."  (DE 1-54, p. 33).

At 6:39 a.m. on September 24, 2019, very shortly after the District received the second complaint, another person emailed Superintendent Bohn personally and described Plaintiff's Facebook posts as "bullying."  (DE 1-54, p. 34).  The complaining party asked, "Is there anything that can be done with the situation?  One of his comments was about mass shootings.  He is supposedly a Fort Worth PD and is starting to concern a lot of us."  (DE 1-54, p. 34).

Yet another parent complaint was received on September 24, 2019, in which the parent expressed concern "for [her] son's ... safety, not only at school, but also at tonight's football game." (DE 1-54, p. 36).  The parent described Plaintiff taking video in the front office, where her son served as an office aid.  (DE 1-54, p. 36).  The parent went on to state that Plaintiff's "behavior is concerning" because from the Facebook posts it was their understanding that Plaintiff was a police officer and "has access to a weapon." (DE 1-54, p. 36).  The complaining party stated that they were "quite frankly, scared" and asked that all "necessary precautions are taken to keep the students and staff out of harm's way."  (DE 1-54, p. 36).  Superintendent Bohn confirms that the trespass warning was prompted by the aforementioned email complaints.  (DE 1-54, pp. 52-53, ¶ 10).

- 4 -

As a result of the email complaints, Aledo ISD Police Chief Fred Collie issued a trespass warning to Plaintiff, noting that Plaintiff's posts "caused a significant amount of fear among our parents and staff for the safety of our students, staff, and parents on campus and at district events." (DE 1-54, p. 90).  The warning stated further:

> I am writing to inform you that you are no longer authorized to be physically present on any Aledo I.S.D. property or at any Aledo I.S.D. event absent prior written approval by a school or district administrator.
>
> Any meeting that a campus or district administrator schedules with you will be pre-arranged and approved and will be held off-campus and at the Aledo I.S.D. Central Administration building.  You may schedule meetings through Aledo Middle School Principal, Mandy Musselwhite, or Aledo I.S.D. Deputy Superintendent, Lynn McKinney.

(DE 1-54, p. 90)

Plaintiff's suit alleges that Defendant Bohn directed Defendant Collie to issue the trespass warning.  (DE 6, ¶ 113).  The trespass warning did not prohibit Plaintiff from attending meetings of the Aledo ISD Board of Trustees.  (DE 1-54, p. 53, ¶ 11; DE 6, p. 59).[4]

The Criminal Trespass Warning was issued pursuant to Texas Penal Code § 30.05 to ensure the safety of students, staff and parents on campus and at district events, restricting Plaintiff from AISD property and AISD events absent prior written approval by a school or district administrator. (DE 1-54, p. 90).

---

[4] Plaintiff attended at least one Aledo ISD Board Meeting and addressed the board during the public comment section, of which this Court may properly take judicial notice via the Aledo ISD School Board minutes published on its public website at: https://www.aledoisd.org/site/handlers/filedownload.ashx?moduleinstanceid=4995&dataid=8803 &FileName=Minutes%2011-18-19.pdf.  A judicially noticed fact is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* FED. R. EVID. RULE 201; *In re Enron Corporation Securities, Derivative & ERISA Litigation,* No. CIV.A.H-01-3624, 2003 WL 23316646, at *4 (S.D. Tex. March 27, 2003) (courts may take judicial notice of documents of public record).

The decision to issue Plaintiff the criminal trespass warning was based on the totality of the circumstances, including Plaintiff's threatening and alarming language regarding school shootings which was posted on a community Facebook page, fear of parents who reported the matter, and the seriousness of the threat.  (DE 1-54, pp. 52-53).  Parents and community members expressed their alarm and fear to Aledo ISD regarding the post referencing school shootings, as well as other posts made by Plaintiff.  (DE 1-54, pp. 52-53).

As Plaintiff's postings about Aledo Middle School became more concerning, the issue became increasingly disruptive as Aledo ISD officials were compelled to address the concerns raised by Aledo ISD parents/community members.  (DE 1-54, pp. 52-53).

**IV.**

**DEFENDANTS COLLIE AND BOHN ARE ENTITLED TO
QUALIFIED IMMUNITY AS TO EACH OF PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS**

**A.      Qualified Immunity Standards**

The Individual Defendants asserted their entitlement to qualified immunity from Plaintiff's § 1983 claims.  (See Docket Entry "DE" 13, ¶ 85).  Consequently, the burden shifts to Plaintiff to show that immunity is not available.  *See Thomas v. Baldwin,* 595 Fed. App'x 378, 381 (5th Cir. Dec. 19, 2014) (citing *Kovacic v. Villarreal,* 628 F.3d 209, 211 (5th Cir. 2010)).  To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Marquez v. Garnett,* 567 Fed. Appx. 214, 216 (5th Cir. 2014).

Qualified immunity shields a government official from civil liability for damages based on the performance of discretionary functions if the official's acts were objectively reasonable in light of clearly established law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

- 6 -

The qualified immunity standard gives ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S. Ct. 534, 537 (1991). Government employees are presumptively entitled to qualified immunity and, once immunity is asserted, the burden shifts to the plaintiff to show that immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). It is fundamental that qualified immunity "is an immunity from suit rather than a mere defense to liability." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Pearson v. Callahan,* 555 U.S. 223, 237, 129 S. Ct. 808, 818 (2009)).

In assessing a claim of qualified immunity, the Court must first decide (1) whether facts alleged or shown by plaintiff make out a violation of a constitutional right, and, if so, (2) whether that right was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815-816 (2009). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236, 129 S. Ct. at 818.

Qualified immunity is a high standard for Plaintiff to overcome as "[e]ven if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable." *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993). Plaintiff cannot establish constitutional violations, the Defendants' conduct was objectively reasonable, and Plaintiff's rights were not clearly established at the time of the events alleged in the suit. Therefore, the Individual Defendants are entitled to qualified immunity from Plaintiff's § 1983 claims.

- 7 -

**B.     Plaintiff Cannot Maintain Procedural Due Process Claims Against The Individual Defendants**

Plaintiff attempts to assert a procedural due process claim under the Fourteenth Amendment. (DE 6, ¶¶ 175-180).[5]  "Procedural due process claims require a two-part analysis: (1) whether the plaintiff has a life, liberty, or property interest that is entitled to procedural due process protection; and (2) if so, what process is due."  *Mitchell v. Beaumont Indep. Sch. Dist.,* 2006 WL 2092585 *11 ( E.D. Tex 2006); *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir. 2001).

While courts have recognized that a parent has a fundamental right to direct his or her child's education under the due process clause, no court has ever interpreted the due process clause to create a parental right of unfettered access to school property.  *Rodgers v. Duncanville Indep. Sch. Dist.,* No. 3-04-CV-0365-D, 2005 WL 770712, at *2 (N.D. Tex. Apr. 5, 2005), *report and recommendation adopted sub nom.  Rodgers v. Duncanville ISD,* No. CIV.A 3:04CV0365D, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005).  To the contrary, courts have consistently upheld the authority of school officials to control activities on school property.  *Ryans v. Gresham,* 6 F.Supp.2d 595, 600-602 (E.D. Tex. 1998) (noting that "[a]n exhaustive review of the case law pertaining to the constitutional right of parents to direct the education of their children discloses no holding even remotely suggesting that this guarantee includes a right to access to the classes in which one's child participates."); *Wilson v. Northeast Indep. Sch. Dist.,* No. SA-14-CA-140-FB, 2014 WL 12815803,

---

[5]  Plaintiff also asserts a claim for alleged deprivation of due course of law pursuant to the Texas Constitution, which is analyzed pursuant to the same standards as the federal claim.  The Texas Supreme Court has determined that due process protections provided under the Texas Constitution mirror those provided under the federal Constitution.  *See Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex.1995) ("While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction."); *James v. City of Houston*, 138 S.W.3d 433, 439 (Tex. App. – Houston [14th Dist.] 2004, no pet.).

at *8 (W.D. Tex. 2014) (plaintiff failed to demonstrate a likelihood of success on the merits for

parent's due process claims).

Moreover, there is no clearly established constitutional right to due process of law in this

context, when a parent has acted in a threatening manner that disrupts the business of the school.

*See, e.g., Cole v. Montague Bd. of Educ.,* 145 F. App'x 760 (3d Cir. 2005) (per curiam) (parents

claimed school board violated their parental due process rights by banning them from school

property without a hearing; dismissal affirmed: "As to the claim that the School Board violated the

Coles' due process rights by 'illegally' banning them from school property, this contention plainly

lacks merit."). Plaintiff's procedural due process claim lacks merit and is subject to dismissal as a

matter of law. *Cole,* 145 F. App'x at 762–63 (citing *Lovern v. Edwards,* 190 F.3d 648, 655-56 (4th

Cir. 1999) (holding that parent's claim that prohibiting him from entering school property violated

due process is so plainly insubstantial and frivolous as to deprive a federal court of jurisdiction over

the matter)); *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 817 (8th Cir. 2011).[6]

Even assuming *arguendo* Plaintiff could state a constitutional claim under these

circumstances, the record shows that the Individual Defendants acted reasonably in addressing

concerns raised by Aledo ISD parents and community members over "the safety of [Aledo ISD]

---

[6] Many courts have concluded that, because there is no constitutional right to be on school property, no procedural due process protections are implicated in this context. *See, e.g., Justice v. Farley,* No. 5:11-CV-99-BR, 2012 WL 83945, at *3 (E.D.N.C. Jan. 11, 2012) (school not required to provide notice or hearing before banning parent from entering school property when the ban did not deprive the parent of a life, liberty, or property interest); *Mejia v. Holt Pub. Schs.,* No. 5:01-CV-116, 2002 WL 1492205, at *7 (W.D. Mich. March 12, 2002) (procedural due process does not require school district to provide parents with notice and hearing before denying them access to school property); *T.L. ex rel. Lowry v. Sherwood Charter Sch.,* No. 03:13-CV-01562-HZ, 2014 WL 897123, at *4 (D. Or. Mar. 6, 2014), *aff'd sub nom. Lowry v. Sherwood Charter Sch.,* 691 F. App'x 310 (9th Cir. 2017) (same); *Guy v. Bd. of Educ. Rock Hill Local Sch. Dist.,* No. 1:18-CV-893, 2020 WL 2838508, at *4-5 (S.D. Ohio May 31, 2020) (collecting cases).

students, staff, and parents on campus and at district events." (DE 1-54, p. 90). Additionally, Plaintiff cannot meet his burden to demonstrate that such a right was clearly established. Because Plaintiff cannot demonstrate the violation of a clearly established procedural due process right stemming from the trespass warning issued to him, the Individual Defendants are entitled to qualified immunity and dismissal of both state and federal procedural due process claims.

**C.      Plaintiff Cannot Establish A Violation Of A Clearly Established Substantive Due Process Right**

Liability for Fourteenth Amendment substantive due process violations results by either (1) violating fundamental constitutional rights; or (2) committing abusive or oppressive government actions that, without implicating fundamental constitutional rights, "shock the conscience." *Quickie Chickie, Inc. v. Sexton,* 194 F. App'x 259, 261 (5th Cir. 2006); *Brennan v. Stewart,* 834 F.2d 1248, 1256 (5th Cir. 1988). Courts have held that parents possess no substantive due process right to access school property. *Meadows v. Lake Travis Indep. Sch. Dist.,* 397 F. App'x 1, at *2 (5th Cir. 2010) (per curiam); *Ryans v. Gresham,* 6 F. Supp. 2d at 601; *see also, T.L. ex rel. Lowry v. Sherwood Charter Sch.,* 2014 WL 897123, at *4. Thus, Plaintiff cannot establish the violation of a constitutional right.

Even if there were a fundamental right to access district property, which there is not, Plaintiff also cannot establish that the Individual Defendants took action that "shocks the conscience" to such an extent that would implicate substantive due process. "While the core of substantive due process is protection from arbitrary government action, 'only the most egregious official conduct' is arbitrary in the constitutional sense." *Coleman v. Dretke,* 395 F.3d 216, 224 (5th Cir. 2004) (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S. Ct. 1708, 1710 (1998)).

"[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis,* 523 U.S. at

- 10 -

847 n.8., 118 S. Ct at 1717 n.8. The standard is "extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." *Doe v. Covington Cnty. Sch. Dist.,* 675 F.3d 849, 868 (5th Cir. 2012) (quoting *J.R. v. Gloria,* 593 F.3d 73, 80 (1st Cir. 2010)).

In the case at bar, it is undisputed that the trespass warning issued to Plaintiff was the result of Plaintiff's conduct that "caused a significant amount of fear among [Aledo ISD] parents and staff for the safety of ... students, staff, and parents on campus and at district events." (DE 1-54, pp. 90-97; DE 1-54, pp. 52-53, ¶ 10).

Maintaining safety and security over schools and students has been held to be a rational basis supporting a decision to restrict a parent's access to district property. *Meadows v. Braxdale,* No. A-08-CA-819-SS, 2009 WL 10700907, at *6 (W.D. Tex. Aug. 18, 2009), *aff'd sub nom. Meadows v. Lake Travis Indep. Sch. Dist.,* 397 F. App'x 1 (5th Cir. 2010); *Doe v. Dallas Indep. Sch. Dist.,* 194 F. Supp. 3d 551, 561 (N.D. Tex. 2016). On these facts, Plaintiff cannot meet his burden to establish the violation of a substantive due process right under federal or state law. In addition, actions by Defendants Collie and Bohn were objectively reasonable in light of the clearly established law.

**D.      Plaintiff Fails To State Facts To Support An Equal Protection Cause Of Action Against the Individual Defendants**

To establish an equal protection claim in this context, Plaintiff would have to establish that (1) he was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment. *Patel v. Texas Tech Univ.,* 941 F.3d 743, 748 (5th Cir. 2019) (quoting *Lindquist v. City of Pasadena Tex.,* 669 F.3d 225, 233 (5th Cir. 2012); *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000)); *McCook v. Spriner School*

*Dist.,* 44 Fed. Appx. 896, 911 (10th Cir. 2002).[7]  In *McCook*, the Court examined a similar claim and

dismissed it because there was no showing that the parent had been the subject of unequal treatment.

Similarly here, Plaintiff has offered no allegations and can produce no evidence to support his claim

that he has been treated differently than others who are similarly situated.  The claim also fails

because the record conclusively shows that the Individual Defendants had a rational basis for the

restrictions placed against Plaintiff.  (DE 1-54, pp. 90-97; DE 1-54, pp. 52-53, ¶ 10).  Plaintiff cannot

sustain an equal protection claim against Defendants Collie or Bohn.

Without supporting facts, Plaintiff's Third Amended Complaint makes wholly conclusory

allegations that Plaintiff was treated differently from others similarly situated.  (DE 6, ¶¶ 189-191).

Of course, such bare assertions, without more, are insufficient to overcome the Individual

Defendants' entitlement to qualified immunity.  *Harmon v. Dallas Cty., Texas,* 927 F.3d 884, 895

(5th Cir. 2019), as revised (July 9, 2019) (per curiam) (constable entitled to qualified immunity

because plaintiff failed to state facts showing that sheriff treated similarly situated deputies

differently).  Defendants Collie and Bohn are entitled to qualified immunity and dismissal of both

federal and state equal protection claims.

**E.**     **Plaintiff Cannot Establish The Violation Of A Clearly Established First Amendment Right**

Plaintiff alleges that the trespass warning violated his right to free speech under the Texas

and United States Constitutions.  (DE 6, ¶¶ 192-198).[8]  Courts have held that the type of speech in

---

[7] The federal analytical approach also applies to Plaintiff's equal protection challenges under the Texas Constitution.  *See Rose v. Doctors Hosp.,* 801 S.W.2d 841, 846 (Tex. 1990); *Bell v. Low Income Women of Texas,* 95 S.W.3d 253, 266 (Tex. 2002).

[8] Texas courts apply federal standards for interpreting the protection of free speech under the Texas Constitution.  *See Jackson v. Port Arthur Indep. Sch. Dist.,* 2017 WL 1425589, at *4 (Tex. App.–Beaumont, 2017, no pet.).

which Plaintiff engaged falls outside of the First Amendment's purview. *See Rodgers v. Duncanville Indep. Sch. Dist.*, 2005 WL 770712, at *3. Speech is protected only if it addresses a "matter of public concern." *See Connick v. Myers*, 461 U.S. 138, 146-47, 103 S.Ct. 1684, 1690 (1983); *Kirkland v. Northside Independent School Dist.*, 890 F.2d 794, 799 (5th Cir. 1989), *cert. denied*, 496 U.S. 926, 110 S.Ct. 2620 (1990). In making this determination, courts consider the content, form, and context of the speech. *See Markos v. City of Atlanta, Tex.*, 364 F.3d 567, 570 (5th Cir. 2004).

In the case at bar, Plaintiff complained to school officials about the treatment of his son and made threatening statements on social media directed at the Aledo ISD community that "caused a significant amount of fear among [Aledo ISD] parents and staff for the safety of ... students, staff, and parents on campus and at district events." (DE 1-54, pp. 90). Under these circumstances, Plaintiff's speech did not involve a matter of public concern. *Ryans,* 6 F.Supp.2d at 600 (complaints about the way a child was being treated fell outside purview of First Amendment); *Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d 765, 771-72 (5th Cir. 2007) (threats of violence against a student body are not protected speech); *Rodgers v. Duncanville Indep. Sch. Dist.,* 2005 WL 770712, at *3; *Hansen v. Watkins Glen Cent. Sch. Dist.,* No. 17-CV-6143-FPG-JWF, 2019 WL 3113309, at *6 (W.D.N.Y. July 15, 2019) (superintendent entitled to qualified immunity).

As the *Ponce* Court observed, "Our recent history demonstrates that threats of an attack on a school and its students *must* be taken seriously." *Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d at 771 (emphasis in original). School officials "must be permitted to react quickly and decisively to address a threat of physical violence against their students, without worrying that they will have to face years of litigation second-guessing their judgment as to whether the threat posed a real risk of substantial disturbance." *Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d at 772. Courts will not find

a constitutional violation when speech involves a direct threat, such as the one in Plaintiff's Facebook post regarding mass shootings against the Aledo ISD community, which undoubtedly caused concern and fear among the community, prompting action to issue the trespass warning. (DE 1-54, pp. 90-97; DE 1-54, pp. 52-53, ¶ 10).

For example, in *Lovern v. Edwards,* 190 F.3d 648 (4th Cir. 1999), the Court upheld a ban prohibiting a disruptive and threatening parent from entering school property.  The record showed that the parent engaged in verbal abuse and threatening behavior toward school officials.  *Lovern v. Edwards,* 190 F.3d at 656.  The Court observed that school officials "have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property." *Lovern v. Edwards,* 190 F.3d at 655 (citing *Carey v. Brown,* 447 U.S. 455, 470-71, 100 S. Ct. 2286, 2295-96 (1975) (the Constitution does not leave state officials powerless to protect the public from threatening conduct that disturbs the tranquility of schools)); *see also Goss v. Lopez,* 419 U.S. 565, 582-83, 95 S. Ct. 729, 740 (1975) (a school official's determination of the existence of an ongoing threat of disruption can justify removal of a person from school property).  The Court in *Lovern v. Edwards* made clear that "officials should never be intimidated into compromising the safety of those who utilize school property."  *Lovern v. Edwards,* 190 F.3d at 655.  Given the threatening behavior by the parent, the Court in *Lovern v. Edwards* held that the parent's First Amendment claims were "plainly insubstantial and entirely frivolous." *Lovern v. Edwards,* 190 F.3d at 655-56.  Because Plaintiff's alleged speech is not protected by the First Amendment, Defendants Collie and Bohn are entitled to qualified immunity.

Even assuming *arguendo* that the First Amendment was implicated by Plaintiff's alleged speech, which Defendants deny, Plaintiff cannot show that Defendants' actions were motivated by

- 14 -

a desire to retaliate against him.  As previously discussed, restrictions were placed on Plaintiff's access to district property as a result of his threatening and disruptive behavior, which provided District officials a legitimate basis to issue Plaintiff the trespass warning.  *Lovern v. Edwards,* 190 F.3d at 655; *see also, Barna v. Bd. of Sch. Dir. Of Panther Valley Sch. Dist.,* 877 F.3d 136, 142-144 (3rd Cir. 2016); *Blasi v. Pen Argyl Area Sch. Dist.,* 512 Fed. Appx. 173, 174-175 (3rd Cir. 2012) (per curiam); *McCook v. Spriner School Dist.,* 44 Fed. Appx. 896, 908-909 (10th Cir. 2002).  Courts have routinely granted school officials qualified immunity under facts similar to those presented here. *See, e.g., Jackson v. McCurry,* 762 F. App'x 919, 930 (11th Cir. 2019); *Hansen v. Watkins Glen Cent. Sch. Dist.,* No. 17-CV-6143-FPG-JWF, 2019 WL 3113309, at *8 (W.D. N.Y. July 15, 2019).

There is no evidence that either Defendant Collie or Defendant Bohn were motivated by a desire to punish Plaintiff for his speech.  Rather, the limits placed on Plaintiff were justified by his concerning behavior that included expressions of school mass shootings directed toward the Aledo ISD community, which drew complaints from fearful parents and citizens.  (DE 1-54, pp. 90-97; DE 1-54, pp. 52-53, ¶ 10).  As the Court found in *Lovern,* Plaintiff's claims are "plainly insubstantial and entirely frivolous."  For these reasons, Plaintiff cannot establish a violation of a clearly established First Amendment right.  Defendants Collie and Bohn are entitled to qualified immunity and dismissal of both state a federal First Amendment claims.

**F.      Plaintiff's Suit Fails to State Cognizable Freedom Of Association And Assembly Claims**

Plaintiff's First Amendment freedom of association and assembly claims are based on (1) the trespass warning (DE 6, ¶ 201), and (2) allegations that Defendant Collie told Plaintiff that another gentlemen named Ben Youngblood was "not a guy you want to be dealing with."  (DE 6, ¶ 202).

The First Amendment does not contain a "generalized right of 'social association.'" *Wallace*

*v. Texas Tech University,* 80 F.3d 1042, 1051 (5ᵗʰ Cir. 1996) (quoting *City of Dallas v. Stanglin,* 490 U.S. 19, 109 S.Ct. 1591, 1595 (1989)).[9]   The First Amendment encompasses two categories of association: (1) the choice to enter into and maintain certain intimate human relationships, and (2) the right to associate for the purpose of engaging in expressive activities protected by the First Amendment.  *Wallace,* 80 F.3d at 1051.  Plaintiff's suit does not allege that either of the Individual Defendants infringed on his ability to maintain an intimate relationship.  *See, e.g., Ibarra v. Houston Indep. Sch. Dist.,* 84 F. Supp. 2d 825, 837 (S.D. Tex. 1999).  Further, as demonstrated above, because Plaintiff's alleged speech was not protected by the First Amendment, he did not engage in conduct that would implicate associational or assembly rights.  The suit fails to raise allegations implicating First Amendment protections.

Even if Plaintiff could state a cognizable claim, the trespass warning was validly supported by Aledo ISD's interest in addressing safety concerns raised by citizens over Plaintiff's actions.  *Meadows v. Braxdale,* No. A-08-CA-819-SS, 2009 WL 10700907, at *8; *Madrid v. Anthony,* 510 F.Supp.2d 425, 437-438 (S. D. Tex. 2007).  Defendants' alleged actions did not violate Plaintiff's constitutional rights, much less any clearly established rights, and Defendants Collie and Bohn are entitled to qualified immunity.

## G.   Defendants Are Entitled To Qualified Immunity On Plaintiff's First Amendment Right to Petition Claim

Plaintiff claims that he has been denied the right to petition under the Texas and United States Constitutions.  (DE 6, ¶¶ 203-212).  Article I, § 27 of the Texas Constitution provides: "The citizens shall have the right, in a peaceable manner, to assemble together for their common good;

---

[9]  Texas courts apply federal standards on Texas law freedom of association claims.  *Zaatari v. City of Austin,* No. 03-17-00812-CV, 2019 WL 6336186, at *17 (Tex. App. Nov. 27, 2019).  Accordingly, Plaintiff's state claim also may be analyzed pursuant to the federal standard.

and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance." The U.S. Constitution First Amendment Petition Clause "protects 'the right of people ... to petition the Government for a redress of grievances.'" *Borough of Duryea, Pa. v. Guarnieri,* 564 U.S. 379, 382, 121 S. Ct. 2488, 2491 (2011).[10]

Plaintiff does not allege that he was denied the opportunity to present grievances. Instead he complains that the district did not "allow Plaintiff's grievance to be heard by a person with the authority to remedy the grievance." (DE 6, ¶ 207). In fact, Plaintiff admits that he appealed the criminal trespass warning (DE 6, ¶ 208), and the grievance was considered by the Board of Trustees. (DE 6, ¶ 210). On this record, it is undisputed that Plaintiff has not been denied the opportunity to present his complaints to the District. (DE 1-54, pp. 51-52, ¶¶ 4-8). Pursuant to Board Policy FNG, Plaintiff can submit complaints by electronic communication, including email and fax, or by U.S. Mail. (DE 1-54, pp. 66-72). Moreover, the criminal trespass warning informs Plaintiff that he may contact the campus and district administration to schedule meetings. (DE 1-54, p. 90). Plaintiff is also not prohibited from attending Aledo ISD Board meetings. (DE 1-54, p. 53, ¶ 11). Plaintiff can produce no evidence that he was denied his right to petition and the claim fails as a matter of law.

Plaintiff's petition claim fails for the additional reason that his grievance did not involve a matter of public concern. It is fundamental that "[i]f a public employee petitions ...on a matter of purely private concern, the employee's First Amendment interest must give way, as it does in speech cases." *Harmon v. Dallas Cty., Texas,* 927 F.3d 884, 894 (5th Cir. 2019), as revised (July 9, 2019) (quoting *Borough of Duryea, Pa. v. Guarnieri,* 564 U.S. at 398, 121 S. Ct. at 2500)). It is apparent

---

[10] Texas courts apply federal standards for interpreting the protection of free speech under the Texas Constitution. *See Jackson v. Port Arthur Indep. Sch. Dist.,* 2017 WL 1425589, at *4 (Tex. App. – Beaumont, 2017, no pet.).

from Plaintiff's suit that Plaintiff's grievance sought the rescission of the trespass warning, which

was a purely private concern involving the handling of his son's bullying complaint.  (DE 6, ¶¶ 40-

64).  Therefore, Plaintiff has not alleged the violation of a clearly established First Amendment right

against Defendants Collie and Bohn based on the denial of a right to petition.  Plaintiff also fails to

raise allegations of personal involvement on the part of Defendant Collie to support a First

Amendment right to petition claim against him.  *See Weathers v. Cano,* 392 F. App'x 339, 341 (5th

Cir. 2010) (a supervisor without personal involvement in the alleged constitutional violation cannot

be liable under Section 1983).  Defendants Collie and Bohn are entitled to qualified immunity.

*Harmon,* 927 F.3d at 894.

## V.

### THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO DISMISSAL OF ALL STATE LAW CLAIMS

**A.     Defendants Collie and Bohn Are Entitled To Official Immunity for Individual Capacity Claims**

Chief of Police Collie and Superintendent Bohn are entitled to official immunity for any state

claims asserted against them in their individual capacities.  Official immunity protects public

officials from suit arising from the performance of their (1) discretionary duties, (2) in good faith,

and (3) within the scope of their employment.  *Ballantyne v. Champion Builders, Inc.* 144 S.W.3d

417, 422 (Tex. 2004), *citing City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994).

Official immunity is an affirmative defense.  *Ballantyne,* 144 S.W.3d at 423, *citing Telthorster v.*

*Tennell,* 92 S.W.3d 457, 459-60 (Tex. 2002).  Public officials act within the scope of their authority

if they are discharging the duties generally assigned to them.  *Chambers,* 883 S.W.2d at 658.

Ministerial acts, which are not protected by official immunity, are those for which "the law

prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne,* 144 S.W.3d at 426, (quoting *Comm'r of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)).  If the public official must obey an order, without having any choice in complying, the act is ministerial.  *Id.*  If an action involves personal deliberation, decision, and judgment, it is discretionary.  *Id.*  To determine whether a public official acts in good faith, courts will use an objective standard, asking whether a reasonably prudent official, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred.  *Id.*  Defendants Collie and Bohn are entitled to official immunity from all state law causes of action.

There can be no dispute that Defendants Collie and Bohn were acting within the scope of their employment as Aledo ISD officials during the alleged events at issue in this case.  It was within the scope of their duties for Defendants Collie and Bohn to investigate complaints and recommend and take appropriate action under the District's policies and procedures to maintain the safety and security of Aledo ISD.  *See City of Robstown v. Ramirez,* 17 S.W.3d 268, 275 (Tex. App. – Corpus Christi 2000, pet. dism'd w.o.j.).  Even accepting Plaintiff's allegations as true, the Individual Defendants' actions were taken within the scope of their duties and authority and were a part of their discretionary functions as the Aledo ISD Chief of Police and Superintendent.  *See Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d 859, 871-872 (Tex. App. – Texarkana 1994, no writ) (official immunity granted to school district attorney in exercising his judgment and discretion).  In addition, it is within their discretionary duties to field complaints, communicate with complaining parties, investigate alleged misconduct, and advise the school board, administrators, and staff on appropriate action to be taken.  (DE 1-54, pp. 50-53).  *See, e.g., Dorrough v. Faircloth,* 443 S.W.3d

278, 288 (Tex. App. – San Antonio 2014, no pet.) (official's decision to investigate complaints was discretionary and within the scope of authority).

In the case at bar, the Individual Defendants acted in good faith and within the scope of their authority as Aledo ISD officials, using their own judgment and discretion, in investigating concerns, recommending, and taking action to maintain the safety and security of Aledo ISD.  Thus, Defendants Collie and Bohn are entitled to official immunity with respect to each of the state claims raised against them as a matter of law.

**B.      Statutory Immunity.**

Additionally, Defendants Collie and Bohn are entitled to statutory immunity from liability for all state law claims.  Statutory immunity is codified in § 22.0511 of the Texas Education Code. Section 22.0511(a) provides as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a) (Vernon 2017).

Under the Education Code, the term "professional employee" includes, *inter alia*, a superintendent and a supervisory official.  TEX. EDUC. CODE ANN. § 22.051(a).  Defendants Collie and Bohn are entitled to dismissal if they can conclusively prove all essential elements of Section 22.0511(a) as a matter of law: (1) the defendant was a professional employee; (2) that the alleged actions were incident to or within the scope of their duties; and (3) that their duties involved the exercise of judgment or discretion.  *Enriquez v. Khouri*, 13 S.W.3d 458, 461 (Tex. App. – El Paso 2000, no pet.).  There is no "good faith" requirement to immunity under Education Code § 22.0511(a).

- 20 -

*Enriquez,* 13 S.W.3d at 464.

Defendants Collie and Bohn are entitled to statutory immunity under Texas Education Code § 22.0511(a).  Plaintiff's pleadings confirm that they are "professional employees" of the District acting in their supervisory roles as the Chief of Police and Superintendent of Aledo ISD.  (*See, e.g.,* DE 6, ¶¶ 145-147).  At all times relevant to Plaintiff's claims, Defendants Collie and Bohn acted within the scope of their authority as Police Chief of Aledo ISD and Superintendent, respectfully. In addition, Plaintiff's claims regarding discussions, investigations, or decisions concerning Plaintiff demonstrate the Individual Defendants' exercise of professional judgment and discretion. (DE 1-54, pp. 50-53).  *See Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d at 871-872; *Dorrough v. Faircloth,* 443 S.W.3d at 288.  It was within their judgment and discretion to oversee and supervise staff, investigate complaints, make recommendations and take action to maintain safety and security of Aledo ISD.  (DE 1-54, pp. 50-53).  Plaintiff's suit contains no allegation concerning excessive force or negligence in the discipline of any student or any other allegation indicating that either of the Individual Defendants acted outside of the scope of their duties.  Consequently, Defendants Collie and Bohn are entitled to statutory immunity under Texas Education Code 22.0511(a).  *See Hammond v. Katy Indep. Sch. Dist.,* 821 S.W.2d 174 (Tex. App. – Houston [14th Dist.] 1991, no writ) (immunity granted against claims that school officials conspired to cause plaintiff emotional distress); *Kobza v. Kutac,* 109 S.W.3d 89, 92-95 (Tex. App. – Austin 2003, pet. denied) (judgment rendered in favor of teacher on claims of negligence, intentional infliction of emotional distress, defamation).

## VI.

## CONCLUSION

"Local school boards have broad discretion in the management of school affairs." *Jeffrey v. Bd. of Trustees of Bells ISD,* 261 F. Supp. 2d 719, 728 (E.D. Tex. 2003), *aff'd,* 96 F. App'x 248 (5th Cir. 2004); *Mitchell v. Beaumont Indep. Sch. Dist.,* 2006 WL 2092585, at *17.  As a general rule, it is not the role of a federal court to second guess the decisions of school administrators in situations like the ones presented here or regarding their judgment over a perceived threat of harm to a school community.  *See, e.g., Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d at 772; *Wilson v. Ne. Indep. Sch. Dist.,* 2014 WL 12815803, at *9.

WHEREFORE, Defendants Collie and Bohn pray that the Court grant their Motion to Dismiss and render judgment in their favor on all state and federal constitutional claims and § 1983 causes of action against them in this suit.  Defendants pray that Plaintiffs take nothing by way of those claims; that Defendants recover their costs and attorneys' fees; and such other relief to which Defendants may be entitled.

Respectfully submitted,

/s/*Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:        (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:        (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that on the 1st day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Dunleavy
Law Offices of William J. Dunleavy, P.C.
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013

/s/*Bridget Robinson*
BRIDGET ROBINSON

- 23 -