IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00442-O |
| | § | |
| ALEDO INDEPENDENT SCHOOL DISTRICT, FRED COLLIE and SUSAN BOHN, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT FRED COLLIE'S
AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS**

Charles "Chad" Cain, III files this Response Opposing Defendant Fred Collie's and Defendant Susan Bohn's Motion to Dismiss, he shows that Defendants are not entitled to qualified immunity and he asks the Court to deny Defendants' Motion to Dismiss.

**Basis for the Response**

1.     This lawsuit is a request for injunctive relief to rescind an illegal criminal trespass warning that was issued to Plaintiff Chad Cain by Defendants Aledo ISD, Fred Collie and Susan Bohn because of Cain's speech on social media that Defendants disapprove.  The trespass warning was retaliation for protected speech.  It was and is clearly illegal because ***the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed***.  Chad Cain also seeks declarations that various policies of Defendants, written and unwritten, are illegal; and Cain makes a claim for damages, which does not impact the Court's qualified immunity analysis.

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT FRED COLLIE'S AND
DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 1**
CAINRESPONSEDISMISS.wpd

2.      The Court should deny Defendant Collie's and Defendant Bohn's Motion to Dismiss because Cain's claims for equitable relief, including requests for injunctive relief and declaratory relief are not barred by qualified immunity.  Neither does qualified immunity bar Chad Cain's damages claims in this "rare obvious case", because the unlawfulness of Defendants' conduct is sufficiently clear from the general statement of the law: "the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed", which gave fair and clear warning to Defendants that their punishment of Cain's speech violates clearly established law.

3.      Clearly established Fifth Circuit precedents also gave fair and clear warning to Defendants that they cannot discipline Cain's non-threatening off-campus speech.  Next, qualified immunity shields from liability "all but the plainly incompetent or those who knowingly violate the law".  But Defendants here admit their knowing violations of law.  As a result, they gain no protection from qualified immunity.  Plaintiff also shows the state court judge rejected the arguments Defendants again make on official immunity and statutory immunity under state law.  There is no good reason for this Court to revisit those correct rulings, which should be treated as law of the case.

4.      Plaintiff also objects to Defendants' improper efforts to obtain summary judgment and their belated attempt to obtain dismissal under Rule 12(b)(6), which exceed the Court's instruction to "file a motion to dismiss briefing the issue of qualified immunity".  Cain requests time for discovery; time to re-plead, if necessary; and a reasonable opportunity to respond to Defendants' motion if the Court considers Defendants' motion under Rule 12(c) or under Rule 56.

5.      For all of the reasons set out in this Response, which reasons are described in full detail in

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 2**

CAINRESPONSEDISMISS.wpd

Plaintiff's Brief as required by Northern District Local Civil Rule 7.1, Plaintiff Charles "Chad" Cain, III respectfully requests that the Court deny Defendant Fred Collie's and Defendant Susan Bohn's Motion to Dismiss.

WHEREFORE, Plaintiff Chad Cain respectfully prays this Court deny Defendant Fred Collie's and Defendant Susan Bohn's Motion to Dismiss in its entirety.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

/s/ *William J. Dunleavy*
William J. Dunleavy
State Bar No. 00787404
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013
Telephone No. 972/247-9200
Facsimile No. 972/247-9201
Email: bill@williamjdunleavy.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF FILING AND SERVICE

I certify on July 8, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to attorneys of record, including Defendants' counsel, Bridget Robinson, at <brobinson@wabsa.com> who have consented to accept this notice as service of this pleading by electronic means.

s/ *William J. Dunleavy*
William J. Dunleavy

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 3**

CAINRESPONSEDISMISS.wpd