IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00442-O |
| | § | |
| ALEDO INDEPENDENT SCHOOL DISTRICT, FRED COLLIE and SUSAN BOHN, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S
AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS**

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY

 /s/ *William J. Dunleavy*
William J. Dunleavy
State Bar No. 00787404
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013
Telephone No. 972/247-9200
Facsimile No. 972/247-9201
Email: bill@williamjdunleavy.com

ATTORNEY FOR PLAINTIFF

**Table of Contents**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Arguments and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Defendants' Motion to Dismiss, Rule 12(b)(6) Motion and Summary
      Judgment Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Summary of the Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Objections to Rule 12(b)(6) Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Objections to Motion for Summary Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Objections to Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Factual Allegations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Qualified Immunity Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Qualified Immunity Does Not Extend to Claims for Equitable Relief . . . . . . . . . . . . . 13

    Qualified Immunity Does Not Bar Claims
      Against Officials Who Punish Protected Speech. . . . . . . . . . . . . . . . . . . . . . . . . 14

    Clearly Established Precedent Provided Defendants
      Fair Notice of their Illegal Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Qualified Immunity Does Not Apply to Defendants'
      Knowing Violations of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Defendants' Arguments on Rule 12(b)(6) and/or Rule 56. . . . . . . . . . . . . . . . . . . . . 18

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Filing and Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## Table of Authorities

**Caselaw**

*Amador v. Vasquez*, No. 17-51001 (5th Cir. 3/11/2020). . . . . . . . . . . . . . 7, 11, 13, 14, 17

*Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bell v. Itawamba County School Board*, 799 F.3d 379 (5th Cir. 2015). . . . . . . . . . . *passim*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011). . . . . . . . . . . . . . . . . . . . . 24

*Cantwell v. Connecticut*, 310 U.S. 296 (1940). . . . . . . . . . . . . . . . . . . . . . . 1, 7, 13, 19

*City of Chicago v. Morales*, 527 U.S. 41 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of Escondido v. Emmons*, 139 S. Ct. 500 (2019). . . . . . . . . . . . . . . . . . . . . . . . 6, 14

*Connick v. Myers*, 461 U.S. 138 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Davis v. Ector County*, 40 F.3d 777 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . 24

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018). . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hope v. Pelzer*, 536 U.S. 730 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . 17

*Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*J.S. ex rel. Snyder v. Blue Mountain School District*, 650 F.3d 915 (3rd Cir. 2011). . . . . 15

*Kent v. Dulles,* 357 U.S. 116 (1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kirkland v. Northside Independent School Dist.*, 890 F.2d 794
   (5th Cir. 1989), *cert. denied*, 496 U.S. 926 (1990). . . . . . . . . . . . . . . . . . . . . . . . . 22

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Longoria Next Friend of M.L. v. San Benito Independent Consolidated
   School District*, 942 F.3d 258 (5th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Table of Authorities (cont.)

**Caselaw (cont.)**

*Malley v. Briggs*, 475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11, 17

*Monroe v. Houston Independent School District*, No. 19-20514
  (5th Cir. 11/25/2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Papachristou v. City of Jacksonville*, 405 U.S.156 (1972). . . . . . . . . . . . . . . . . . . . . 12

*Porter v. Ascension Parish School Board*, 393 F.3d 608 (5th Cir. 2004). . . . . . . . . 15, 16

*R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 13, 19

*Robinson v. Hunt County, Texas*, 921 F.3d 440 (5th Cir. 2019). . . . . . . . . . . . . . 6, 11, 13

*Rodgers v. Duncanville Independent School District*, 2005 WL 770712
  (N.D. Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Romero v. City of Grapevine*, 888 F.3d 170 (5th Cir. 2018). . . . . . . . . . . . . . . . . 7, 11, 17

*Saucier v. Katz*, 533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Scanlan v. Texas A&M University*, 343 F.3d 533 (5th Cir. 2003). . . . . . . . . . . . . . . . . 10

*Sullivan v. Leor Energy, LLC*, 600 F.3d 542 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . 10

*Texas v. Johnson*, 491 U.S. 397 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 13, 19

*Tolan v. Cotton*, 572 U.S. 650 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Valley v. Rapides Parish School Board*, 118 F.3d 1047 (5th Cir. 1997). . . . . . . . . . . 6, 13

*Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . 12

*Virginia v. Black*, 538 U.S. 343 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . 24

*Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995). . . . . . . . . 11

*Williams v. Fears,* 179 U.S. 270 (1900). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Table of Authorities (cont.)**

**Statutes**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

**Rules**

FEDERAL RULE OF CIVIL PROCEDURE 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

FEDERAL RULE OF CIVIL PROCEDURE 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

FEDERAL RULE OF CIVIL PROCEDURE 12(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

FEDERAL RULE OF CIVIL PROCEDURE 56. . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 18

FEDERAL RULE OF  EVIDENCE 402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE OF EVIDENCE 602. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE OF EVIDENCE 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE OF EVIDENCE 703. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEXAS RULE OF EVIDENCE 801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE EVIDENCE 802. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE OF EVIDENCE 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL RULE OF EVIDENCE 1002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Northern District of Texas Local Civil Rule 7.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Northern District of Texas Local Civil Rule 7.1 (e). . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Northern District of Texas Local Civil Rule 7.1 (i). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES "CHAD" CAIN, III          §
                                  §
        Plaintiff                 §
                                  §
v.                                §        CIVIL ACTION NO. 4:20-cv-00442-O
                                  §
ALEDO  INDEPENDENT  SCHOOL        §
DISTRICT, FRED COLLIE and SUSAN   §
BOHN,                             §
                                  §
        Defendants.               §

### PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS

Charles "Chad" Cain, III files this Brief Opposing Defendant Fred Collie's and Defendant

Susan Bohn's Motion to Dismiss, he shows that Defendants are not entitled to qualified immunity

and he asks the Court to deny Defendants' Motion to Dismiss.

### Introduction

1.      This lawsuit is a request for injunctive relief to rescind an illegal criminal trespass warning

issued nine (9) months ago to Chad Cain by Defendants Aledo ISD, Fred Collie and Susan Bohn due

to Cain's speech on social media that Defendants disapprove.[1]  The trespass warning was retaliation

for protected speech and was clearly illegal, based on a long settled rule of law central to this case:

> **the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed**.[2]

Chad Cain also seeks declarations that policies of Defendants, written and unwritten, are illegal.[3]

---

[1]Plaintiff's Third Amended Complaint, ¶6, ¶15, ¶174 and ¶226-234, among others.

[2]*R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992) (citing *Cantwell v. Connecticut*, 310 U.S. 296, 309-311 (1940); and *Texas v. Johnson,* 491 U.S. 397, 406 (1989)).

[3]Plaintiff's Third Amended Complaint, ¶6, ¶15, ¶23, ¶174 and ¶213-225, among others.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 1**

Cain made a claim for damages after this case was removed.[4]  Chad Cain suffered damages and he seeks damages, but his lawsuit is really about the injunction he seeks to lift the trespass warning.

2.      Chad Cain is a parent.[5]  Chad's 12 year old son was assaulted at school by a classmate, in class at Aledo ISD; Chad Cain's son was knocked unconscious; and school employees diagnosed a concussion.[6]  The substitute teacher in the class apparently noticed nothing amiss in the "very small and quiet class", until Chad's son was on the floor, immobile, with his eyes closed, which prompted a call to the school nurse .[7]  When Chad Cain learned his son had been assaulted, he was upset and he was frustrated.[8]  When he learned his son's assailant was seemingly unpunished, apparently because his mother was an Aledo ISD employee, Chad was even more frustrated and disappointed.[9]  Chad Cain expressed his frustration and disappointment with Aledo ISD, the same way many today express opinions: by posting on Facebook.  He exercised his right of free speech in a public forum.[10]

3.      Chad Cain's Facebook posts were widely read and he received responses, positive and negative.[11]  The posts generated public discussion about bullying at Aledo ISD, including discussion

---

[4]Plaintiff's Third Amended Complaint, ¶259.

[5]In addition to being a parent, Chad Cain is also a police officer employed by the City of Fort Worth, as noted in Plaintiff's Third Amended Complaint at ¶87.  In Defendants' Statement of Facts for their motion, Cain's job as a police officer is the very first fact stated.  But Chad Cain's job as a police officer is not relevant to the qualified immunity analysis before the Court.  Cain has the same constitutional rights as any other citizen or as any other parent.  Chad Cain's rights are not reduced because of his job, even if the current mood in the country is to bash the police, minimize the police or de-fund the police.  The only relevance of Chad Cain's job in this lawsuit is that Defendants interfered with Cain's employment, which is one of Cain's complaints.

[6]Plaintiff's Third Amended Complaint, ¶40-42; and ¶54-55.

[7]Plaintiff's Third Amended Complaint, ¶42.

[8]Plaintiff's Third Amended Complaint, ¶70.

[9]Plaintiff's Third Amended Complaint, ¶105.

[10]Plaintiff's Third Amended Complaint, ¶106.

[11]Plaintiff's Third Amended Complaint, ¶71 and ¶73.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 2**

on how the district handles bullying and whether the children of district employees who are bullies get treated differently than other students.[12]  Aledo ISD, its superintendent, Defendant Bohn, and the district's police chief, Defendant Collie, disapproved of Chad Cain's speech on Facebook.[13]  When Collie received complaints about Chad's speech on Facebook, including from the district employee whose son assaulted Cain's son, Collie responded to the employee: "I am aware of and addressing the issue".  Collie then addressed "the issue" with Chad Cain by seeking to regulate Cain speech.[14]

4.      To express disapproval of Cain's Facebook posts, Collie confronted Chad Cain on September 23, 2019 and told him: "what you're doing on Facebook doesn't make a difference.  Alls it does is rile people up."[15]  Collie told Cain: "Stay off Facebook".[16]  Collie also said: "there's a hornet's nest here that I want to get tamped down".[17]  But Chad Cain did not "stay off Facebook".   After Collie confronted him, Cain posted again that night; and he responded to posts from others who mentioned bullying and school shootings.[18]  Cain's September 23, 2019 post said the the following:

> **Hi Aledo! I would like for y'all to think about something. The census [sic] is that most, if not all mass school shootings were caused from bullying. If this were true and society is getting worse, will it happen here in Aledo if this school administration keeps bullying the parents by pulling out the broom for the bullys [sic]? Think about that parents!!**[19]

Defendants claim this post is a "threat", "threatening conduct", or "disruptive".  The next day, Collie

---

[12]Plaintiff's Third Amended Complaint, ¶71 and ¶106.

[13]Plaintiff's Third Amended Complaint, ¶222.

[14]Plaintiff's Third Amended Complaint, ¶84-¶100.

[15]Plaintiff's Third Amended Complaint, ¶96.

[16]Plaintiff's Third Amended Complaint, ¶96.

[17]Plaintiff's Third Amended Complaint, ¶96.

[18]Plaintiff's Third Amended Complaint, ¶105-¶109.

[19]Third Amended Complaint, ¶105; Lynn McKinney October 29, 2019 response to Chad Cain FNG grievance.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 3**

CAINRESPONSEDISMISSBRIEF.wpd

issued a criminal trespass warning that bans Cain from Aledo ISD property and events "forever".[20]

5.      The trespass warning was issued without notice, without hearing and without information on how to appeal the illegal trespass warning.[21]   Contrary to Defendants' arguments, the trespass warning restricts Chad Cain's attendance at school board meetings.[22]   Cain is prohibited from attending board meetings without giving notice to the district.[23]   The active trespass warning also prohibits Plaintiff from attending school sporting events, band and orchestra concerts, football games at school stadiums and at "the Cowboy[s'] stadium in Arlington ... on the Aledo side."[24]

6.      Defendants' punishment of Cain's speech is illegal.   Governments may not punish citizen speech the government disapproves.   Schools may not punish non-threatening off-campus speech.[25]   That Cain's speech is not a "true threat" is clear, as the words do not "communicate a serious expression of an intent to commit an act of unlawful violence" and Cain directs no intention of violence at an "individual or group of individuals.'"[26]   Because Chad Cain's Facebook post is not a threat, this Court should decide that as a matter of law, which would be consistent with Defendant Collie's admissions that Chad Cain's Facebook post was not a threat[27]; that "None of [Plaintiff's

---

[20]Third Amended Complaint, ¶153; Collie Deposition, P153, L1-9.

[21]Third Amended Complaint, ¶117-¶118.

[22]Third Amended Complaint, ¶120; Criminal trespass warning, Exhibit A.

[23]Third Amended Complaint, ¶136; and see attached Joey Moore October 1, 2019 email.

[24]Third Amended Complaint, ¶136; and Collie Deposition, P118, L17-19.

[25]*Longoria Next Friend of M.L. v. San Benito Independent Consolidated School District*, 942 F.3d 258, 269 (5th Cir. 2019) (citing *Bell v. Itawamba County School Board*, 799 F.3d 379, 402 (5th Cir. 2015).

[26]*Monroe v. Houston Indep. Sch. Dist.*, No. 19-20514, P7 (5th Cir. 11/25/2019) (citing *Virginia v. Black*, 538 U.S. 343, 359 (2003).

[27]Plaintiff's Third Amended Complaint, ¶128; Collie Deposition, P96, L22 - P97, L3.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 4**

comments on social media] were illegal"[28]; and "None of [Plaintiff's actions] were illegal ...".[29]

7.    Defendants also claim "fear", "alarm", "distress", or "disruption" allegedly caused by Chad Cain's Facebook post justify the trespass warning.  Cain asks the Court to reject this argument.  In *Monroe v. Houston Indep. Sch. Dist.*, the Fifth Circuit said the "true threat" analysis is limited to evaluating the words and/or conduct.  "Whatever harm the target of the purported threat received is irrelevant.[30]  This makes sense.  Defendants argue Cain's speech was a threat.  But this is a legal question for the Court.  The supposed "fear", "alarm", "distress", or "disruption" that Defendants complain about is irrelevant to the legal question: "was Chad Cain's Facebook post a threat?"  This legal question is resolved by looking at the words and the context in which the words were stated.  Defendants were clearly wrong to rely on the community reaction to issue a trespass warning.

8.    As Cain's Facebook post was not a "true threat", Defendants cannot regulate or punish Cain's speech.  Parents need no government permission or approval to post on Facebook.  First Amendment protection of off-campus speech was clearly established by the Fifth Circuit's decision in *Bell v. Itawamba County School Board* in 2015.[31]  Chad Cain's Facebook post was not a threat, his speech and actions were not illegal and Defendants have no qualified immunity to punish speech or expressive conduct.  As such, Chad Cain requests the Court deny Defendants' Motion to Dismiss.

### Arguments and Authorities

### Defendants' Motion to Dismiss, Rule 12(b)(6) Motion and Summary Judgment Motion

9.    Defendants make many arguments seeking dismissal.  While this Brief addresses qualified

---

[28]Plaintiff's Third Amended Complaint, ¶128; and Collie Deposition, P55, L3-5.

[29]Plaintiff's Third Amended Complaint, ¶129; and Collie Deposition, P60, L9-12.

[30]*Monroe v. Houston Indep. Sch. Dist.*, P7 (citing *Virginia v. Black*, 538 U.S. at 560).

[31]*Longoria*, 942 F.3d at 269 (citing *Bell*, 799 F.3d at 402).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 5**

CAINRESPONSEDISMISSBRIEF.wpd

immunity, all of Defendants' arguments lack merit.[32]  Qualified immunity does not preclude Chad

Cain's claims for equitable relief.  Next, the prohibition against government punishment of protected

speech was clearly established on September 24, 2019 when Defendants issued the trespass warning

due to speech.  Collie and Bohn knew the trespass warning was illegal when it was issued.  Collie

admits Cain did nothing illegal and Chad Cain said nothing illegal.  A reasonable inference is that

Collie told Bohn that Cain did nothing illegal.  Susan Bohn is a lawyer, with an inactive license, so

she should know speech cannot be punished.[33]  Defendants knew Chad Cain's Facebook post

contained no threat, Collie and Bohn know they cannot punish Cain's "off-campus speech",

regardless of how disruptive or how much they disapprove of the speech.  Defendants knowingly

violated Chad Cain's clearly established constitutional rights, they are not entitled to qualified

immunity for punishing speech, and the Court should deny the motion to dismiss in its entirety.

**Summary of the Arguments**

10.      Claims for injunctive relief and declaratory relief are not barred by qualified immunity.

Qualified immunity is only a defense to monetary damages and "'do[es] not extend to suits for

injunctive relief under 42 U.S.C. § 1983.'"[34] Next, qualified immunity does not bar this "rare

obvious case, where the unlawfulness of [Defendants'] conduct is sufficiently clear".[35]  The general

---

[32]Plaintiff objects to Defendants' improper attempt to submit an untimely motion under Rule 12(b)(6) and he objects to Defendants' summary judgment motion because Defendants have not properly, nor completely, answered the discovery requests Cain served in state court.

[33]The Court should take judicial notice that Susan Kolar Bohn was licensed as a lawyer in Texas on November 6, 2002, which information is found on the State Bar of Texas website at <https://www.texasbar.com/AM/Template.cfm?Section Find_A_Lawyer&template /Customsou rce/MemberDirectory/MemberDirectoryDetail.cfm&ContactID 209301>

[34]*Robinson v. Hunt County, Texas*, 921 F.3d 440, 452 (5th Cir. 2019) (quoting *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 n.1 (5th Cir. 1997)).

[35]*Id.* (citing *City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019)).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 6**

statement of the law: "the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed"[36] gave Defendants fair and clear warning that punishing Chad Cain's speech violates clearly established law.  Third, Fifth Circuit precedents gave fair and clear warning that Defendants cannot discipline non-threatening off-campus speech.  "[N]othing in our precedent allows a school to discipline non-threatening off-campus speech simply because an administrator considers it 'offensive, harassing, or disruptive.'"[37]

11.     Fourth, "[q]ualified immunity shields from liability 'all but the plainly incompetent or those who knowingly violate the law.'"[38]  Defendants' knowing violations of the law are not protected by qualified immunity.  Fifth, Defendants' premature summary judgment motion and their belated motion under Rule 12(b)(6) exceed the Court's instruction to "file a motion to dismiss briefing the issue of qualified immunity".  The Court should not consider a summary judgment motion without allowing Plaintiff discovery.[39]  Defendants' 12(b)(6) motion was not filed "before pleading if a responsive pleading is allowed."[40]  Finally, the state court rejected Defendants' immunity defenses, apart from qualified immunity that was first expressly raised in this Court.  Texas law offers no immunity against lawsuits to enjoin continuing constitutional violations by government officials,

---

[36]*R.A.V.*, 505 U.S. at 382 (citing *Cantwell*, 310 U.S. at 311 and *Johnson,* 491 U.S. at 397).

[37]*Longoria*, 942 F.3d at 269 (citing *Bell*, 799 F.3d at 402).

[38]*Amador v. Vasquez*, No. 17-51001, p12 (5th Cir. 2020) (citing *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018); and *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

[39]Cain objects to being forced to respond to a summary judgment motion without proper discovery responses from Defendants and without depositions he first requested on October 2, 2019; Cain objects to being forced to respond to a summary judgment motion with far less than the 21 days allowed by Local Civil Rule 7.1(e); and Cain objects to the motion to dismiss that was ordered by the Court being treated as a summary judgment motion without the procedural protections allowed under FED. R. CIV. P. 12(d) and FED. R. CIV. P. 56.

[40]FED. R. CIV. P. 12(b).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 7**

CAINRESPONSEDISMISSBRIEF.wpd

which is presumably why the state court judge denied Defendant Collie's summary judgment motion and jurisdictional plea on Cain's equitable claims under state law.[41]  As the state court judge rejected Defendants' official immunity and statutory immunity claims, this Court should not revisit those rulings now.  Instead, those correct rulings should be treated as the law of the case.

**Objections to Rule 12(b)(6) Motion to Dismiss**

12.     The Court ordered Defendants to "file a motion to dismiss briefing the issue of qualified immunity **on or before July 1, 2020**".[42]  The Order allowed no extension of time, nor leave, to file a Rule 12(b)(6) motion after Defendants' answered.  Rule 12(b)(6) motions "must be made before pleading if a responsive pleading is allowed".[43]  Defendants' motion is untimely and Cain objects.[44] Cain requests time for discovery; time to re-plead, if necessary; and a reasonable opportunity to respond to Defendants' motion if the Court considers the motion under Rule 12(c).

13.     With the shortened time, and as Defendants did not file an Appendix as required by Northern District Local Civil Rule 7.1, Cain cannot completely respond to Defendants' motion to dismiss, nor to Defendants' motion if it is considered under Rule 56.  Chad Cain objects to the Court's consideration of arguments in Defendants' motion to dismiss apart from the issue of qualified immunity.  After obtaining discovery, Chad Cain requests 21 days to respond to Defendants' motion, whether the motion is considered under Rule 12(c) or under Rule 56, as allowed by Northern District Local Civil Rule 7.1. Cain seeks all procedural protections allowed by Rule 12(d) and Rule 56.

---

[41]Defendant Bohn was not made a party to the state court action until Plaintiff's First Amended Petition was filed on April 13, 2020.  Bohn did not file an Answer in state court and she never raised any immunity defenses until she appeared in federal court.

[42]See Order (Doc. 20), dated June 24, 2020.

[43]FED. R. CIV. P. 12(b).

[44]*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 8**

CAINRESPONSEDISMISSBRIEF.wpd

**Objections to Motion for Summary Judgment**

14.    Chad Cain does not object to the early consideration of a motion for summary judgment.  But he does object to any consideration of Defendants' motion as a summary judgment motion without having a reasonable opportunity to obtain discovery he has requested for nine (9) months since this case was filed, including: a) complete, truthful answers to written discovery that Defendants refuse to provide; b) complete, truthful answers to deposition questions that Collie and Bohn refuse to provide; and c) a deposition of Aledo ISD and other witnesses that Defendants refuse.

15.    Cain objects to having to respond to a summary judgment motion with less than the 21 days allowed by Northern District Local Civil Rule 7.1(e).  The difficulty here is increased as Defendants failed to file an Appendix required by Northern District Local Civil Rule 7.1(i).  Defendants merely referenced evidence in a footnote that mentions a docket entry.  Cain's counsel might be able to sift through a court file to locate evidence omitted from an appendix in the ordinary case.  But Plaintiff has just 5 days to complete that task here, including 2 days of a holiday weekend.[45]  This time is inadequate for Cain to respond to Defendants' qualified immunity arguments, to the untimely Rule 12(b)(6) motion and to Defendants' summary judgment motion.  Cain has not had a "reasonable opportunity to present all the material that is pertinent to the motion" as allowed by Rule 12(d).  Chad Cain requests a "reasonable opportunity" to respond under Rule 12(d) and Rule 56.

**Objections to Evidence**

16.    Chad Cain objects to evidence referenced in Defendants' motion.  Qualified immunity is determined at this early stage by considering only the well-pleaded allegations stated in Plaintiff's

---

[45]As noted in his Declaration, Plaintiff's counsel traveled out of state from June 26, 2020 through July 3, 2020 on a camping trip that was planned well before the Court issued its June 24, 2020.  Counsel returned to Texas on the afternoon of July 3, 2020 and had just 4 days to respond to Defendants' Motion to Dismiss on July 7, 2020 as required by the June 24, 2020 Order.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 9**

complaint.[46] Cain objects to evidence not drawn from the live complaint or from documents attached to the complaint.[47] While the Court may "consider documents attached to the Rule 12(b)(6) motion 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim'", Defendants attached nothing to their motion.[48] Nor is evidence in the Court's file "referred to in the plaintiff's complaint" or "central to the plaintiff's claim."

17.      Defendants' evidence is also objectionable as Cain noted in responding to Defendants' state court jurisdictional pleas and motions.  Cain's state court objections are incorporated herein and re-stated under the Federal Rules of Evidence.  Defendants' evidence is not relevant as required by FED. R. EVID. 402; it it is hearsay prohibited by FED. R. EVID. 801 and/or FED. R. EVID.  802; it is testimony not based on personal knowledge as required by FED. R. EVID. 602; it is not the "best evidence" required by FED. R. EVID. 1001 and/or FED. R. EVID. 1002; and/or it is improper expert testimony prohibited by FED. R. EVID. 702 and/or FED. R. EVID. 703.

### Factual Allegations

18.      Chad Cain incorporates his factual allegations from his Third Amended Complaint.  Those allegations are supported by evidence offered or relied on in state court in response to Defendant Collie's and Defendant Aledo ISD's jurisdictional pleas and summary judgment motions.[49]  The Court must "accept all well-pleaded facts as true [and] view[] them in the light most favorable to [Chad Cain]."[50]  If Cain's live pleading is deficient or fails to sufficiently state any claims, Cain also

---

[46]*Jones*, 188 F.3d at 324.

[47]*Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)

[48]*Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)

[49]Plaintiff requests opportunity to submit an Appendix, if the Court considers Defendants' motion to dismiss under Rule 12(c) or Rule 56.

[50]*Jones*, 188 F.3d at 324.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 10**

requests "opportunity to amend or supplement the pleadings freely, so he may state his best case".[51]

**Qualified Immunity Analysis**

19.     To determine whether qualified immunity applies, courts engage in a two-step inquiry."[52] 1) do "the facts, '[t]aken in the light most favorable to the party asserting the injury, ... show the [] conduct violated a [federal] right'"[53]; and 2) was the right "'clearly established'".[54]   Qualified immunity is the only issue the Court ordered Defendants to brief.[55]   As Defendants added a Rule 12(b)(6) motion not authorized by the Court, Cain also addresses the pleading requirements.  Cain's Third Amended Complaint clearly states facts that, "taken in the light most favorable to [Cain] ... show the [Defendants'] conduct violated [Cain's federal] right[s]."[56]

20.     "To survive a Rule 12(b)(6) motion to dismiss, the 'complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[57]   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[58]   Cain's Third Amended Complaint states plausible claims.  If the facts alleged are proved, Defendants Collie and Bohn are clearly liable for their misconduct that violated Cain's federal rights, as Chad Cain alleges.

---

[51]*Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 997 (5th Cir. 1995).  Cain can assert many additional factual allegations if such allegations are determined to be necessary.

[52]*Amador*, at p12 (citing *Romero*, 888 F.3d at 176 and *Malley*, 475 U.S. at 341).

[53]*Id.* (citing *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014); and quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[54]*Id.* (citing *Tolan*, 572 U.S. at 656; and *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

[55]See Order (Doc. 20), dated June 24, 2020.

[56]*Amador*, at p12 (citing *Tolan*, 572 U.S. at 655-56; and *Saucier*, 533 U.S. at 201).

[57]*Robinson*, 921 F.3d at 452 (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570.

[58]*Id.*

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 11**

21.     Cain's rights were clearly established when they were violated by Defendants, his rights are clearly established now, and he is entitled to relief from the continuing violations of his clearly established rights.  As detailed below, Cain's right to be free from government punishment for speech was clearly established decades ago.  His right to be free from punishment or retaliation by a school district for "non-threatening off-campus speech" was clearly established at least since November 4, 2019 when the Fifth Circuit decided the *Longoria* case.[59]  Chad Cain's liberty interest to "go to or remain on public property for lawful purposes" has been clearly established at least since October 28, 2015 with the decision in *Vincent v. City of Sulphur*.[60]  *Vincent* clearly establishes Cain's right to notice and hearing before any ban from public property, as Cain was not "under investigation for threatening deadly violence" when he was issued the trespass warning.[61]

22.     In *Vincent*, the trespass warning was lifted when an investigation ended.  Here, Defendant Collie concluded "the elements for an offense for a crime had not been met"[62], but Defendants never lifted the illegal trespass warning to Cain.  Collie issued a trespass warning to Chad Cain, rather than arrest or cite him, because "the elements for an offense for a crime had not been met"[63].  Thus, Collie admits knowing, illegal conduct.  A reasonable inference is that Defendants Collie and Bohn discussed the lack of an offense when they met about the trespass warning on September 24, 2019.[64]

---

[59]942 F.3d 258 (5th Cir. 2019).

[60]805 F.3d 543 (5th Cir. 2015) (citing *City of Chicago v. Morales,* 527 U.S. 41 (1999); *Papachristou v. City of Jacksonville,* 405 U.S.156 (1972); *Kent v. Dulles,* 357 U.S. 116 (1958); and *Williams v. Fears,* 179 U.S. 270 (1900)).

[61]*Id.* at 548.

[62]Plaintiff's Third Amended Complaint, ¶130; Collie Deposition, P67, L5-8.

[63]Plaintiff's Third Amended Complaint, ¶130; Collie Deposition, P67, L5-8.

[64]Plaintiff's Third Amended Complaint, ¶113-¶114; Lynn McKinney Statement to Fort Worth Police Department, December 12, 2019, P2. Bohn Deposition Deposition, P29, L8-20; and criminal trespass warning, Exhibit A.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 12**

**Qualified Immunity Does Not Extend to Claims for Equitable Relief**

23.     "Qualified immunity ... is a defense to monetary damages and 'do[es] not extend to suits for injunctive relief under 42 U.S.C. § 1983.'"[65]  The Fifth Circuit made clear in *Robinson v. Hunt County, Texas*, that "[Chad Cain] is not required to demonstrate a violation of clearly established law to obtain a preliminary injunction."[66]  Claiming qualified immunity in this federal action, Defendants continue to misunderstand the gravamen of Chad Cain's claims.  Cain sought only equitable remedies in state court and he made no claim there for economic damages.  Cain presently makes a claim for economic damages, as allowed under federal law but not Texas law, that were caused by Defendants' illegal conduct.[67]  This case however, is really about Cain's request for an injunction to rescind the illegal criminal trespass warning.  Because his claims for equitable relief are not barred, Chad Cain asks the Court to deny Defendants' motion in its entirety.

**Qualified Immunity Does Not Bar Claims Against Officials Who Punish Protected Speech**

24.     The "general statement of the law" in this case is "the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed.[68]  This statement is fair warning that Defendants cannot punish speech.  The Fifth Circuit said, "the salient question ... is whether the state of the law [in 2019] gave [] fair warning [that Defendants' treatment of Cain] was unconstitutional."[69]  "'[G]eneral statements of the law are not

---

[65]*Robinson*, 921 F.3d at 452 (quoting *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 n.1 (5th Cir. 1997)).

[66]*Id.*

[67]Plaintiff's Third Amended Complaint, ¶259. ("Plaintiff seeks his economic damages and damages for the mental anguish and emotional distress he has suffered due to Defendants' illegal conduct.")

[68]*R.A.V.*, 505 U.S. at 377 (citing *Cantwell*, 310 U.S. at 311; and *Johnson,* 491 U.S. at 406.

[69]*Amador*, at p12 (citing *Hope*, 536 U.S. at 741).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 13**

CAINRESPONSEDISMISSBRIEF.wpd

inherently incapable of giving fair and clear warning' to officers."[70] "In fact, 'officials can still be on notice that their conduct violates established law even in novel factual circumstances.'"[71] "There can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."[72]

25.     This case is the "rare obvious case".  Many qualified immunity cases involve search and seizures, or excessive force.  These cases involve split-second decisions, or complicated "totality of circumstances" for probable cause.  The Supreme Court has said the following about these cases:

> **Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.**[73]

Similarly, the Supreme Court has said the following on probable cause:

> **Probable cause 'turn[s] on the assessment of probabilities in particular factual contexts' and cannot be 'reduced to a neat set of legal rules.'  It is 'incapable of precise definition or quantification into percentages.'  Given its imprecise nature, officers will often find it difficult to know how the general standard of probable cause applies in 'the precise situation encountered.'  Thus, we have stressed the need to 'identify a case where an officer acting under similar circumstances ... was held to have violated the Fourth Amendment.'**[74]

But the Fourth Amendment is not an issue with this illegal trespass warning by Defendants.  The rule related to speech is quite clear and has been stated by the Supreme Court with "precise definition":

"***the government may not punish citizens for their speech or expressive conduct simply because the government disapproves of the ideas expressed***."  Defendants clearly violated this rule.

---

[70]*Id.*

[71]*Id.*

[72]*Id.* (citing *Emmons*, 139 S. Ct. at 504).

[73]*Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

[74]*Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (internal citations omitted).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 14**

26.     Defendants issued Cain a trespass warning without probable cause.[75]  The Court must accept this allegation as true because Cain provides sufficient facts in support.  Defendant Collie claimed he had probable cause for the criminal trespass warning, but Collie also admitted Chad Cain did nothing illegal.[76]  There was no split second decision.  Collie determined he could not prove the elements of any offense before he issued the trespass warning.  In fact, Collie said he issued the trespass warning because he could not arrest or cite Cain.  The Court should decide as a matter of law that Chad Cain's Facebook post is not a "true threat".  Thus it is clear, Defendants are not entitled to qualified immunity and the Court should deny Defendants' motion to dismiss.

**Clearly Established Precedent Provided Defendants Fair Notice of their Illegal Conduct**

27.     "[N]othing in our precedent allows a school to discipline non-threatening off-campus speech simply because an administrator considers it 'offensive, harassing, or disruptive.'"[77]  "'[T]he First Amendment does not, for example, allow a public school to punish a student for 'writ[ing] a blog entry defending gay marriage' from his home computer, even if the blog entry causes a substantial disruption at the school'"[78]  "Second, it is 'indisputable' that non-threatening student expression is entitled to First Amendment protection, even though the extent of that protection may be 'diminished' if the speech is 'composed by a student on-campus, or purposefully brought onto a school campus.'"[79]  "And finally, as a general rule, speech that the speaker does not intend to reach

---

[75]Plaintiff's Third Amended Complaint, ¶35.

[76]Plaintiff's Third Amended Complaint, ¶128-¶129; and Collie Deposition, P55, L3-5 and P60, L9-12.

[77]*Longoria*, 942 F.3d at 269 (citing *Bell*, 799 F.3d at 402.)

[78]*Id.* (citing *J.S. ex rel. Snyder v. Blue Mountain School District*, 650 F.3d 915, 939 (3d Cir. 2011) (Smith, J., concurring)).

[79]*Id.* (citing *Porter v. Ascension Parish School Board*, 393 F.3d 608, 618-19 (5th Cir. 2004).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 15**

CAINRESPONSEDISMISSBRIEF.wpd

the school community remains outside the reach of school officials."[80]  "Because a school's authority

to discipline student speech derives from the unique needs and goals of the school setting, a student

must direct her speech towards the school community in order to trigger school-based discipline.

28.    With *Longoria* and *Bell*, the Fifth Circuit made clear that students have a free speech right

applicable to their "non-threatening off-campus speech".[81]   Chad Cain's rights are even clearer.  He

is not a student at Aledo ISD and his Facebook post was "non-threatening off-campus speech".

Collie admits Cain's speech was not a threat.[82]   Collie also admits Cain did nothing illegal.[83]  It

cannot be disputed that Cain's Facebook post was "off-campus speech".  As such, Defendants had

no authority whatsoever to regulate Cain's speech on Facebook.

29.    Defendants also claim Cain's post on Facebook of names and images of minors was also a

reason for the trespass warning.[84]   This claim is merely evidence of viewpoint discrimination.

Defendant Aledo ISD routinely posts names and images of minors on its website.  The Court may

judicially notice names and images of minors on the Aledo ISD website when this Response is

filed.[85]   Defendants have no problem posting names and images of minors who are praised.

---

[80]*Id.* (citing *Porter*, 393 F.3d at 615 ("a student drawing that was 'completed in [the student's] home, stored for two years, and never intended by him to be brought to campus' does not "constitute[ ] student speech on the school premises'"); and *Bell*, 799 F.3d at 395).

[81]*Id.*

[82]Plaintiff's Third Amended Complaint, ¶128; Collie Deposition, P96, L22 - P97, L3.

[83]Plaintiff's Third Amended Complaint, ¶128-¶129; and Collie Deposition, P55, L3-5 and P60, L9-12.

[84]See Plaintiff's Third Amended Complaint, ¶134; Moore October 1, 2019 email; Collie bodycam video, DEFs 00581 (at 03:22-03:26) and (at 04:14-04:17); Defendant Aledo ISD's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; Defendant Collie's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; and Collie Deposition, P33, L6-7 and P35, L9-12.

[85]See the Aledo ISD website that includes names and images of minors who received honors or who were depicted in award winning photos. <https://www.aledoisd.org/site/default

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 16**

Defendants' issue with Chad Cain's post of a minor's name and image is that Cain identified a "bully" and the perpetrator of an assault on Cain's son. This viewpoint discrimination is clearly illegal. As such, Cain requests the Court deny Defendants' motion to dismiss in its entirety.

**Qualified Immunity Does Not Apply to Defendants' Knowing Violations of Law**

30.     "Qualified immunity shields from liability 'all but the plainly incompetent or those who knowingly violate the law.'"[86]  "[Q]ualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.'"[87]  Chad Cain is not a student. His Facebook post was "non-threatening off-campus speech". Qualified immunity simply does NOT protect Defendant Collie and Defendant Bohn who knowingly violated the law.[88]

31.     Defendant Collie admits Cain's speech was not a threat and that Cain did nothing illegal.[89] Defendants had no authority to regulate or punish Cain's speech. Collie knew he could not arrest or cite Chad Cain. Instead, Collie and Bohn banned Cain "forever" from public property for his speech, as Collie had no power to arrest Cain. This is illegal. The law was clearly established when Defendants first violated Cain's rights, the law is clearly established today, and Defendants refuse to lift the trespass warning they know is illegal. Cain requests the Court deny Defendants' motion to dismiss because Defendants' knowing violation of law is not protected by qualified immunity.

32.     If the Court believes Chad Cain has not adequately stated his complaint about Defendants'

---

aspx?PageType 3&DomainID 4&ModuleInstanceID 107&ViewID 6446EE88-D30C-497E-93 16-3F8874B3E108&RenderLoc 0&FlexDataID 11371&PageID 1>

[86]*Amador*, at p12 (citing *Romero*, 888 F.3d at 176; and *Malley*, 475 U.S. at 341).

[87]*Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016) (citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011)).

[88]*Malley*, 475 U.S. at 341; Plaintiff's Third Amended Complaint, P19, ¶125 to P21, ¶134.

[89]Plaintiff's Third Amended Complaint, ¶128-¶129; and Collie Deposition, P55, L3-5, P60, L9-12 and P96, L22 - P97, L3.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 17**

CAINRESPONSEDISMISSBRIEF.wpd

knowing violation of law, Cain shows he can make further specific factual allegations to expressly state that Defendants knowingly violated clearly established law, based on the admissions by Defendant Collie that Cain has already alleged. Cain would also allege the reasonable inference that Defendant Collie discussed the lack of a threat by Cain and the absence of any illegal conduct by Chad Cain with Defendant Bohn when they met on September 24, 2019 before Collie issued the trespass warning at Bohn's direction.

33.      Defendant Collie claims he had probable cause, although Collie also said he did not need probable cause to issue the trespass warning. Collie admitted though, regardless of probable cause, that he issued the trespass warning to Chad Cain because Defendant Bohn told him to issue it.[90] Collie never asked Bohn why she directed the criminal trespass warning to Plaintiff.[91] Collie never asked Bohn for her probable cause.[92] Collie issued the trespass warning knowing Chad Cain had not made a threat and knowing Cain had done nothing illegal. This was knowing, illegal conduct that is not protected by qualified immunity. Plaintiff asks the Court to deny the motion to dismiss.

**Defendant's Arguments on Rule 12(b)(6) and/or Rule 56**

34.      In their untimely Rule 12(b)(6) motion, Defendants make arguments with no basis in law or without relation to Plaintiff's claims. Chad Cain has not had adequate time to respond. These claims should still be denied, after Cain has reasonable opportunity to respond, for these reasons:

A.      Defendants repeatedly claim Plaintiff made a "threat"[93], yet Collie admits Chad Cain's Facebook post was not a threat. Defendants do not show a threat, nor threatening conduct

---

[90]Plaintiff's Third Amended Complaint, ¶113; Collie Deposition, P29, L8-20; and Bohn Deposition, P132, L1-20 and P205, L7-11.

[91]Plaintiff's Third Amended Complaint, ¶114; Collie Deposition, P68, L17-21.

[92]Plaintiff's Third Amended Complaint, ¶115; Collie Deposition, P69, L1-7.

[93]Defendants' Motion to Dismiss, P5.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 18**

by Cain.  A "true threat" is a legal question.  The Court should find there was no threat.

B     Defendants argue the "trespass warning did not prohibit Plaintiff from attending school board meetings".[94]  But the trespass warning bans Cain from attending school board meetings unless he first provides notice, as follows: "The ***District agrees to allow Mr. Cain to attend AISD Board meetings given that Mr. Cain provides notice to the District*** of when he intends to attend."[95]

C.     Defendants claim "[t]he issue became increasingly disruptive".[96]  Disruption does not allow regulation of speech.  "The government may not punish citizens for their speech or expressive conduct ... the government disapproves.[97]  "[N]othing in our precedent allows a school to discipline non-threatening off-campus speech ... administrator considers ... '***disruptive***.'"[98] Chad Cain disrupted nothing by a Facebook post of protected speech.  Even if Cain's non- threatening off-campus speech was disruptive, which Chad Cain disputes, Defendants still cannot punish Cain's speech.

D     Plaintiff has no right to "unfettered access to school property".[99]

E     Plaintiff has no right to "access to the classes [his son attends]".[100]

These two claims by Defendants are ridiculous and wholly unsupported by the pleadings.  Chad Cain never sought to attend his son's classes.  He never sought "unfettered access to school property".  Instead, he asked to drop his son off at the front door of the school, like other parents; he asked to attend his son's football games, like other parents; and he wants to freely attend school

---

[94]Id.

[95]Third Amended Complaint; and see attached Joey Moore October 1, 2019 email.

[96]Defendants' Motion to Dismiss, P6.

[97]*R.A.V.*, 505 U.S. at 377 (citing *Cantwell*, 310 U.S. at 311; and *Johnson,* 491 U.S. at 406.

[98]*Longoria*, 942 F.3d at 269 (citing *Bell*, 799 F.3d at 402.)

[99]Defendants' Motion to Dismiss, P8.

[100]Id.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 19**

CAINRESPONSEDISMISSBRIEF.wpd

functions and board meetings, just like other parents.  Defendants denied Cain's requests, by Joey

Moore's October 1, 2019 email, attached to Plaintiff's Third Amended Complaint, which says:

> **1. The District will not agree to allow Mr. Cain to drop off and pick up his child at the front door of the school. The District does not believe this should cause Mr. Cain or his child distress, as it is common for students to walk across the street to be picked up. Recently, the District counted over 150 students on the campus who do this. Moreover, the campus provides the students with assistance in crossing the street. As such, there is no reason for Mr. Cain or his child to feel singled out by a practice that many students and parents engage in voluntarily.**
>
> **2. The District will not lift the CT for the football game this evening. There is no irreparable harm to Mr. Cain because his child did not dress out for practice today due to illness and therefore will not be playing tonight.**
>
> **3. The District agrees to allow Mr. Cain to attend AISD Board meetings given that Mr. Cain provides notice to the District of when he intends to attend.**[101]

Cain never requested "unfettered access to school property", nor "access to classes".

     F.     Defendants argue there are no due process rights for parents who threaten or disrupt

school business.[102]  Cain agrees.  But as Defendant Collie admits, Chad Cain made no threats and

was not threatening, so this argument does not apply to Cain or any claim in this lawsuit.

     G.     Defendants argue there is no substantive due process right to access school

property.[103]  Cain agrees.  But Cain has a substantive due process right to be free from punishment

for his speech.  Punishment for speech accomplished by denying access to school property, denying

access to a football game, or dropping a child off at school, when others have such access, does raise

a substantive due process right because Cain was denied equal protection under law.

     H.     Defendants argue "it is undisputed that the trespass warning issued to Plaintiff was

---

[101]Plaintiff's Third Amended Complaint, ¶136; Moore October 1, 2019 email.

[102]Defendants' Motion to Dismiss, P9.

[103]Id. at P10.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 20**

the result of Plaintiff's conduct that 'caused a significant amount of fear among [Aledo ISD] parents and staff for the safety of ... students, staff, and parents on campus and at district events.'"[104] But Cain disputes the reasons for the trespass warning.  Chad Cain alleges the trespass warning is retaliation for his protected speech.[105]  Defendants offer various reasons for the trespass warning.

The trespass warning does not say it was issued due to a "threat", nor a "threatening statement on social media"; nor "threatening posts on social media"; nor due to any "disruption".[106] But Defendants now claim a "threat", a "threatening statement on social media"; "threatening posts on social media"; a "disruption"; and "disruptive behavior", which reasons came after Cain filed grievances.[107]  Defendants claim posting a minor's name on Facebook was a reason for the trespass warning.[108]  These claims of a "threat" contradict Defendant's Collie's admission that Cain made no threat and did nothing illegal.  Thus, the reasons for the trespass warning are not "undisputed".

I.     Defendants argue that Plaintiff "makes wholly conclusory allegations that Plaintiff was intentionally treated differently from others similarly situated."[109]  In fact, Defendant Collie and

---

[104]Id. at P11.

[105]Plaintiff's Third Amended Petition, ¶134.

[106]Plaintiff's Third Amended Complaint, ¶123; Criminal trespass warning, Exhibit A.

[107]Collie Deposition, P29, L3-23; Bohn Deposition, P179, L24 to P180, L15; McKinney October 29, 2019 response to Chad Cain FNG grievance; Collie Deposition, P28, L15-16; Moore October 1, 2019 email; McKinney October 29, 2019 response to Chad Cain FNG grievance; Defendant Aledo ISD's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; Defendant Collie's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; and Collie Deposition, P52, L2.

[108]Plaintiff's Third Amended Complaint, ¶122; Joey Moore's October 1, 2019 email; Collie bodycam video, DEFs 00581 (03:22-03:26) and (at 04:14-04:17); Defendant Aledo ISD's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; Defendant Collie's Amended Answer to Plaintiff's Interrogatory 7, dated March 4, 2020; and Collie Deposition, P33, L6-7 and P35, L9-12.

[109]Defendants' Motion to Dismiss, P13.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 21**

CAINRESPONSEDISMISSBRIEF.wpd

Defendant Bohn refused to testify about trespass warnings issued to other parents who complained about bullying. Cain alleges those trespass warnings were issued to parents who allegedly engaged in "aggressive and threatening behavior"[110] or who allegedly made threats.[111] As Defendants refuse to testify about these other trespass warnings, Plaintiff has insufficient information about other cases, and he cannot respond to this argument. Cain seeks a reasonable opportunity to respond.

J.    Defendants argue that speech is protected only if it addresses a "matter of public concern."[112] This argument is wrong and has no basis in law. Cain's speech involved significant public concerns of bullying and school shootings and Cain alleges that he spoke on matters of public concern.[113] But Chad Cain's speech has constitutional protection regardless of its topic. Defendants wrongly cite to a number of employment cases.[114] Public employers can regulate employee speech, balancing their interests as employers against the employees' interest in speaking.[115] Chad Cain is not an employee of any Defendant. He finds no case where the Fifth Circuit has applied an

---

[110]Plaintiff's Third Amended Complaint, ¶125; Collie Deposition, P153, L1-15; and Randy Dixon Criminal Trespass Warning, Exhibit G-1 to Plaintiff's Response to Summary Judgment filed on April 9, 2019.

[111]Plaintiff's Third Amended Complaint, ¶126; Aaron Smith Criminal Trespass Warning, Exhibit G-2 to Plaintiff's Response to Summary Judgment filed on April 9, 2019.

[112]Defendants' Motion to Dismiss, P12.

[113]Plaintiff's Third Amended Complaint, ¶196.

[114]*Connick v. Myers*, *Kirkland v. Northside Indep. Sch. Dist.* and *Markos v. City of Atlanta* cited by Defendants are employment cases. *Rodgers v. Duncanville Indep. Sch. Dist.* was a school case. The Magistrate Judge in *Rodgers* applied employment law principles in error and recommended summary judgment after *pro se* plaintiffs failed to respond to a summary judgment motion. The *Rodgers* plaintiffs went to the school, disrupted school proceedings, threatened school employees and were twice removed from school property as they sought to personally attend classes with the student. There is nothing about *Rodgers* even remotely similar to Chad Cain's claims in this action. Cain finds no other case that applies a *Connick v. Myers* balancing test to non-employee speech. The Fifth Circuit has not applied this test, stating instead: schools may not "discipline non-threatening off-campus speech."

[115]*Connick v. Myers*, 461 U.S. 138 (1983).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 22**

CAINRESPONSEDISMISSBRIEF.wpd

employment law balancing test to "non-threatening off-campus speech".  This analysis was wrong in *Rodgers* and should not be applied here.  Defendants may not punish speech.

      K.     Defendants claim "[t]here is no evidence [Defendants] were motivated by a desire to punish Plaintiff for his speech."[116]  If a jury, as trier of fact, decides this is true, Defendants will prevail on Chad Cain's free speech claim.  But at this preliminary stage, Cain alleges he was punished for speech and he alleges sufficient facts to support his claim, including Defendant Collie's admission that Cain made no threat[117]; and Collie's admission that nothing Chad Cain did or said was illegal.[118]  With these admissions, a reasonable jury could readily conclude Cain was punished for his speech.  As Defendants' motion to dismiss is properly addressed only to the issue of qualified immunity, the factual determinations that Defendants seek must be deferred to a different day.

      L.     Defendants admit the right to association includes the "right to associate for the purpose of engaging in expressive activities protected by the First Amendment."[119]  Cain alleges Collie threatened him for his communications on Faceboook with Ben Youngblood.[120]  Collie told Chad Cain about Youngblood, "Cop to cop, that's not a guy you want to be dealing with."[121]  Cain submits his complaints of Collie's interference with his efforts to engage in public communication with Ben Youngblood - an "expressive activity protected by the First Amendment" - sufficiently states a freedom of association claim.  If additional facts are necessary to allege this claim, Chad

---

[116]Defendants' Motion to Dismiss, P15.

[117]Plaintiff's Third Amended Complaint, ¶128; Collie Deposition, P96, L22 - P97, L3.

[118]Plaintiff's Third Amended Complaint, ¶128-¶129; and Collie Deposition, P55, L3-5 and P60, L9-12.

[119]Defendants' Motion to Dismiss, P16.

[120]Plaintiff's Third Amended Complaint, ¶202.

[121]Plaintiff's Third Amended Complaint, ¶202.

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 23**

CAINRESPONSEDISMISSBRIEF.wpd

Cain asks for opportunity to amend to set out with greater detail his complaints as to this claim.

M.    Defendants also argue Chad Cain's petition claim must involve a "matter of public concern".[122] Defendants again rely incorrectly on employment cases, which have the public concern/ private concern analysis found in employee speech cases.[123]  Cain finds no case applying employment caselaw to grievances by parents.  If this analysis applies, Cain shows he submitted two grievances.[124]  Cain filed grievances under Aledo ISD policy FNG (Local) as a parent[125]; and a complaint under Aledo ISD policy CKE (Local) about misconduct by Fred Collie.[126]  Wrongdoing by a police chief, a public official, is always a matter of public concern.  There is "no subset of 'matters of public concern' more important than bringing official misconduct to light."[127]

## Conclusion

36.    This case involves arguments by Defendants that exceed the Court's order to move for dismissal on the issue of qualified immunity.  Chad Cain requests a reasonable opportunity to respond to the additional, unauthorized arguments from Defendants.  At present, Cain requests the Court consider only qualified immunity issues on which the Court ordered Defendants' motion.

37.    Qualified immunity simply does not protect Defendants from Cain's claims for equitable relief.  Next, Defendants may not punish Chad Cain's non-threatening off-campus speech.  First Amendment protection of protected speech was clearly established on September 24, 2019 when

---

[122]Defendants' Motion to Dismiss, P16.

[123]*Borough of Duryea, Pa. v. Guarnieri,* 564 U.S. 379 (2011).

[124]Plaintiff's Third Amended Complaint, ¶144.

[125]Id.

[126]Id.

[127]*Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997) (citing *Davis v. Ector County*, 40 F.3d 777, 782 (5th Cir.1994)).

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 24**

CAINRESPONSEDISMISSBRIEF.wpd

Defendants issued the trespass warning due to Cain's speech.  Collie and Bohn knew the trespass warning was illegal when it was issued.  Collie said Cain did and said nothing illegal.  A reasonable inference is that Collie told Bohn that Cain did nothing illegal when the two met on September 24. Susan Bohn, a lawyer, knows speech cannot be punished.  Defendants both knew Chad Cain's Facebook post was no threat; they knew they could not punish Cain's "off-campus speech", regardless of how disruptive or how much they disapproved; and Defendant Collie and Defendant Bohn knowingly violated Chad Cain's clearly established constitutional rights.  They are not entitled to qualified immunity for punishing speech and the Court should deny their motion in its entirety.

WHEREFORE, Plaintiff Chad Cain respectfully prays this Court deny Defendant Fred Collie's and Defendant Susan Bohn's Motion to Dismiss in its entirety.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

 /s/ *William J. Dunleavy*
William J. Dunleavy
State Bar No. 00787404
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013
Telephone No. 972/247-9200
Facsimile No. 972/247-9201
Email: bill@williamjdunleavy.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF FILING AND SERVICE

I certify on July 8, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court.  The electronic filing system sent a "Notice of Electronic Filing" to attorneys of record, including Defendants' counsel, Bridget Robinson, at <brobinson@wabsa.com> who have consented to accept this notice as service of this pleading by electronic means.

 s/ *William J. Dunleavy*
William J. Dunleavy

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT FRED COLLIE'S AND DEFENDANT SUSAN BOHN'S MOTION TO DISMISS – Page 25**

CAINRESPONSEDISMISSBRIEF.wpd