UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III, <br>     Plaintiff <br><br> v. <br><br> ALEDO INDEPENDENT SCHOOL DISTRICT, FRED COLLIE and DR. SUSAN BOHN <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-00442-O |

---

**BRIEF IN SUPPORT OF DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS
BY DEFENDANTS FRED COLLIE AND SUSAN BOHN**

---

Respectfully submitted,

BRIDGET ROBINSON
State Bar No. 17086800
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:       (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:       (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Fred Collie and Susan Bohn and file this Brief in Support of Reply to Plaintiff's Response to the Motion to Dismiss by Defendants Fred Collie and Susan Bohn.

## I. OBJECTIONS TO PLAINTIFF'S RESPONSE

In response to Defendants' motion, Plaintiff mischaracterizes facts and cites to purported evidence that is not contained in the record before this Court. It is fundamental that parties cannot establish facts without proper evidentiary support. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Therefore, Defendants object to factual assertions that are unsupported, including references to purported deposition testimony that was not properly cited or included with Plaintiff's response. (*See* Docket Entry "DE" 24, fns. 19, 20, 24, 27, 28, 29, 62, 63, 64, 76, 82, 83, 84, 89, 90, 91, 92, 107, 108, 110, 111, 117, 118). Plaintiff repeatedly stated that Fred Collie admitted at deposition that Plaintiff's Facebook post referencing mass shootings was not a threat, but Plaintiff failed to properly cite any of the purported deposition testimony. (DE 24, ¶¶ 6, 28, 31, 33, 34(A), (F), (H), (K)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992).[1] Plaintiff's unsupported assertions should be disregarded.

Plaintiff also mischaracterized the nature of the criminal trespass warning. Contrary to Plaintiff's bald assertions, it did not constitute a categorical "ban," but merely required Plaintiff to request prior written approval from a school or district administrator. (DE 1-54, p. 90). While Plaintiff claims that the warning prohibited his attendance at "school sporting events, band and

---

[1] Contrary to Plaintiff's misleading assertions, Defendant Collie's deposition testimony is consistent with Defendant Bohn's testimony offered in support of Defendants' motion that the trespass warning was based on the totality of the circumstances leading to citizen complaints regarding Plaintiff's threatening and alarming language regarding school shootings, fear of those who reported the matter, and the seriousness of the threat. (DE 1-54, pp. 52-53 ¶ 10; *see, e.g.,* DE 4-5, p. 126:3-130:10).

orchestra concerts, football games at school stadiums and at 'the Cowboy[s'] stadium in Arlington" (DE 24, ¶ 5), Plaintiff offered no evidence that he requested attendance at those events. In addition, Plaintiff's assertion that he was not allowed to attend board meetings is patently false, as Plaintiff was explicitly told that the warning did not apply to board meetings. (DE 1-54, p. 53, ¶ 11; DE 6, pp. 28-29 ¶ 185).[2] Moreover, Plaintiff's complaint that Chief Collie lacked "probable cause" to issue the trespass warning is irrelevant; Plaintiff offers no legal authority showing that probable cause is required before issuing a trespass warning like the one issued to Plaintiff.

Further, Plaintiff mischaracterized the nature of this suit, stating that the case "is really about the injunction he seeks to lift the trespass warning." (DE 24, ¶¶ 1, 23). Instead, Plaintiff's live pleading seeks individual liability and damages against Defendants Bohn and Collie. (DE 6, ¶¶ 258-261; DE ¶¶ 1, 23, fn. 67). Consideration of Defendants' entitlement to qualified immunity is proper.[3]

Plaintiff is not entitled to amend his pleadings or obtain additional discovery.[4] Since filing suit in October of 2019, Plaintiff has had ample opportunity for discovery and has amended his suit three times. (DE 1-5, DE 4-7, DE 4-16, DE 5, DE 6). The facts in this case are limited and largely undisputed. Plaintiff has conducted extensive discovery. (*See, e.g.,* DE 2-11, outlining, in part, discovery time line and Plaintiff's dilatory tactics). Discovery is generally not allowed in a civil

---

[2] In fact, Plaintiff attended grievance hearings before the Aledo ISD Board of Trustees and another Board meeting in which he addressed the board during the public comment section. (*See, e.g.,* DE 24, ¶ 34(M); DE 6, ¶ 208; DE 6, ¶ 210). https://www.aledoisd.org/site/handlers/filedownload.ashx?moduleinstanceid=4995&dataid=8803&FileName=Minutes%2011-18-19.pdf.

[3] Plaintiff cites *Robinson v. Hunt County, Texas,* 921 F.3d 440, 452 (5th Cir. 2019) for the proposition that qualified immunity does not apply to his suit. That is false, as this case is not limited to injunctive and declaratory relief, and seeks individual liability and money damages against Defendants. *See Apodaca-Fisk v. Allen,* No. EP-19-CV-00259-DCG, 2020 WL 156585, at *4 (W.D. Tex. Jan. 13, 2020) (suit sought only declaratory relief and no money damages).

[4] Plaintiff does not address, much less meet his burden under FED. R. CIV. P. 56(d) for his request for additional discovery.

rights case until the issue of qualified immunity is resolved. *Wicks v. Mississippi State Employment Service,* 41 F.3d at 994-95; *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012). Allowing discovery without a threshold showing that the defendant violated a clearly established constitutional right denies the true measure of protection of qualified immunity. *Wicks,* 41 F.3d at 995. Even if this Court applies summary judgment standards, the summary judgment rule does not require that discovery take place before summary judgment can be granted. *U.S. v. Bloom,* 112 F.3d 200, 205 n. 17 (5th Cir. 1997). Plaintiff has had ample time to develop his case and his failure to do so does not warrant delay of the Court's ruling on qualified immunity.

## II.  RESPONSE TO PLAINTIFF'S OBJECTIONS

Plaintiff offers only generalized blanket objections without supporting legal argument or authority. (DE 24, ¶¶ 16-17). It is Plaintiff's burden to prove the validity of evidentiary objections. *Atrium Companies, Inc. v. ESR Associates, Inc.,* 2012 WL 5355754 at *6 (S. D. Tex. 2012). Further:

> The burden is placed on the party opponent, not the judge. Accordingly, the general approach is that a failure to make a specific objection at the time the offer is made, is a waiver on appeal of any ground of complaint against its admission.

*Id.* (quoting 1 MCCORMICK ON EVIDENCE § 52, at 204-05 (Strong ed. 1992)).

Plaintiff's failure to raise specific objections and offer specific reasons and legal argument supporting his contentions renders the objections improper. Each objection which lacks specificity should be overruled outright. (DE 24, ¶¶ 16-17). *See Atrium Companies,* 2012 WL 5355754 at *7.

## III.  PLAINTIFF FAILED TO OVERCOME DEFENDANTS' ENTITLEMENT TO QUALIFIED IMMUNITY

### A.  Plaintiff Waived Claims And Failed To Meet His Burden

In response to Defendants' motion, Plaintiff declined to address many of Defendants' legal

-3-

arguments. Plaintiff failed to address the Individual Defendants' entitlement to official immunity and statutory immunity. In addition, other than cursory treatment and requests for an opportunity to replead and additional discovery, Plaintiff failed to address the procedural and substantive due process, equal protection, petition, association, and assembly claims. (DE 24, ¶¶ 34(A)-(M)). Plaintiff's failure to properly brief these matters constitutes a waiver of his opposition to Defendants' motion. *Timberlake v. Teamsters Local Union No. 891,* 428 F. App'x 299, 302 (5th Cir. 2011).

In summary, Plaintiff failed to overcome the Individual Defendants' entitlement to qualified immunity. A review of Plaintiff's response demonstrates that the material facts are not in dispute and Defendants' entitlement to qualified immunity is established as a matter of law. Plaintiff cites to no "existing precedent ... [that] placed the statutory or constitutional question *beyond debate*" or evidence "that *every* reasonable official would understand that what [they are] doing violates the law." *Morgan v. Swanson,* 659 F.3d 359, 371 (5th Cir. 2011) (emphasis in original). Plaintiff likewise fails to establish that the law "so clearly and unambiguously prohibited" Defendants' conduct. *Morgan v. Swanson,* 659 F.3d at 371 (internal quotation marks omitted). Without pointing to "controlling authority – or a 'robust consensus of persuasive authority' that defines the contours of the right in question with a high degree of particularity," Plaintiff failed in his burden to show a violation of a clearly established right. *Morgan v. Swanson,* 659 F.3d at 371-72.

In the case at bar, the facts are not in dispute showing that the Individual Defendants acted reasonably in addressing concerns raised by Aledo ISD parents and community members over "the safety of [Aledo ISD] students, staff, and parents on campus and at district events." (DE 1-54, p. 90). Plaintiff failed to demonstrate clearly established constitutional rights stemming from the trespass warning; consequently, Defendants are entitled to qualified immunity.

**B.    Procedural And Substantive Due Process**

Plaintiff did not address long-standing legal authority precluding procedural due process

claims similar to Plaintiff's. *Rodgers v. Duncanville Indep. Sch. Dist.,* No. 3-04-CV-0365-D, 2005 WL 770712, at *2 (N.D. Tex. Apr. 5, 2005), *report and recommendation adopted sub nom; Rodgers v. Duncanville ISD,* No. CIV.A 3:04CV0365D, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005); *Ryans v. Gresham,* 6 F.Supp.2d 595, 600-602 (E.D. Tex. 1998); *Wilson v. Northeast Indep. Sch. Dist.,* No. SA-14-CA-140-FB, 2014 WL 12815803, at *8 (W.D. Tex. 2014). Such a claim is even more tenuous when a parent has acted in a threatening manner that disrupts the business of the school. *See, e.g., Cole v. Montague Bd. of Educ.,* 145 F. App'x 760 (3rd Cir. 2005) (per curiam)(citing *Lovern v. Edwards,* 190 F.3d 648, 655-56 (4th Cir. 1999)); *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 817 (8th Cir. 2011). Courts have also held that parents possess no substantive due process right to access school property. *Meadows v. Lake Travis Indep. Sch. Dist.,* 397 F. App'x 1, at *2 (5th Cir. 2010) (per curiam); *Ryans v. Gresham,* 6 F. Supp. 2d at 601; *see also, T.L. ex rel. Lowry v. Sherwood Charter Sch.,* 2014 WL 897123, at *4.

Plaintiff cited *Vincent v. City of Sulfur,* 805 F.3d 543 (5th Cir. 2015) to support his claim (DE 24, ¶ 21), but the Fifth Circuit found qualified immunity protected the government officials. The Court stated that no case law "comes near the level of specificity needed to put 'beyond debate' the related but distinct proposition that a person under investigation for threatening deadly violence...has a right to notice and a hearing before being banned from entering city buildings." *Vincent v. City of Sulfur,* 805 F.3d at 548. This case does not help Plaintiff. Plaintiff failed to offer legal authority establishing that Defendants' actions violated a clearly established due process right.

C.   **Equal Protection Claim**

To support his equal protection claim, Plaintiff asserted that other parents who engaged in "aggressive and threatening behavior" or "who allegedly made threats" were issued trespass warnings. (DE 24, ¶ 34(I)). Unable to properly address the equal protection claim, Plaintiff

requested "a reasonable opportunity to respond." (DE 24,¶ 34(I)).[5] In conducting the qualified immunity analysis, Courts will not accept conclusory allegations without supporting facts. *McCook v. Spriner School Dist.,* 44 Fed. Appx. 896, 911 (10th Cir. 2002). Plaintiff did not offer any factual or legal analysis to overcome Defendants' entitlement to qualified immunity on this claim. Plaintiff's response is similar to the plaintiff in *McCook*, in which the Court affirmed dismissal because there was no showing that the parent had been the subject of unequal treatment.[6] Defendants Collie and Bohn are entitled to qualified immunity and dismissal of both federal and state equal protection claims.

**D.     First Amendment Claim**

Plaintiff's response focused on his First Amendment claim, but Plaintiff's speech resulting in the trespass warning does not merit First Amendment protection. Even Plaintiff cited *R.A.V. v. City of St. Paul, Minn.,* 505 U.S. 377, 388, 112 S. Ct. 2538, 2547 (1992), in which the United States Supreme Court held that "threats of violence are outside the First Amendment." "Intimidation ... is a type of true threat," and thus unprotected, regardless of whether the speaker intends to carry out the threat. *Virginia v. Black,* 538 U.S. 343, 360, 123 S. Ct. 1536, 1548 (2003).[7] Plaintiff is incorrect

---

[5] This case has been on file since October of 2019. Plaintiff has conducted extensive discovery, and Plaintiff has had ample notice of his burden of proof under the Equal Protection Clause. At this juncture in the proceedings, when Plaintiff has amended his suit three times, Plaintiff has already had "a reasonable opportunity to" set forth facts supporting an equal protection claim. His failure to do so at this stage justifies dismissal of this claim against Defendants Bohn and Collie.

[6] Similarly, in *Harmon v. Dallas Cty., Texas,* 927 F.3d 884, 895 (5th Cir. 2019), as revised (July 9, 2019) (per curiam), the Fifth Circuit granted a constable qualified immunity because the plaintiff failed to state facts showing that the constable treated similarly-situated deputies differently.

[7] Even if the Court declines to find a true threat, complaints about how his son was treated are still not protected. *Rodgers v. Duncanville Indep. Sch. Dist.,* 2005 WL 770712, at *3; *Ryans v. Gresham,* 6 F. Supp. 2d at 600 (complaints about the way their child was being treated not protected); *Hansen v. Watkins Glen Cent. Sch. Dist.,* 2019 WL 3113309, at *6 (W.D. N.Y. July 15, 2019) (superintendent entitled to qualified immunity).

that the fear, alarm, distress, or disruption his speech caused is "irrelevant." (DE 24, ¶ 7). The Supreme Court has long held that to constitute a true threat:

> The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats "protect[s] individuals from the fear of violence" and "from the disruption that fear engenders," in addition to protecting people "from the possibility that the threatened violence will occur."

*Virginia v. Black,* 538 U.S. at 359-60, 123 S. Ct. at 1548. (internal citations omitted).

Plaintiff urged the Court to look at the "words and the context in which the words were stated." (DE 24, ¶ 7). Plaintiff's words include Plaintiff's suggestion that school mass shootings result from bullying and the statement: "will it happen here in Aledo if this school administration keeps bullying the parents..." (DE 1-54, p. 23; *see also,* DE 1-54, p. 29). Speech regarding mass shootings directed at a school community is not protected and "*must* be taken seriously." *Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d 765, 771-72 (5th Cir. 2007) (emphasis in original).[8]

Moreover, Plaintiff's discussion of mass shootings against AISD was not all Plaintiff did to warrant the trespass warning and the full context of Plaintiff's speech further solidifies why his words constitute a "true threat." The following facts are undisputed. Plaintiff was known in the community as a police officer with access to a weapon. (DE 6, ¶ 87; DE 1-54, pp. 34, 36, citizens expressing concern to AISD that Plaintiff was a police officer and had access to a weapon). Plaintiff posted on social media the name of the student who he claimed bullied his son, which caused concern among others on that page. (DE 1-54, p. 27-28; DE 1-54, p. 32). Plaintiff's posts incited violence against that student. (DE 1-54, p. 30, person suggests Plaintiff give him "the ass-whooping he NEEDS...").

---

[8] School officials "must be permitted to react quickly and decisively to address a threat of physical violence against their students, without worrying that they will have to face years of litigation second-guessing their judgment as to whether the threat posed a real risk of substantial disturbance." *Ponce v. Soccoro Indep. Sch. Dist.,* 508 F.3d at 772.

Plaintiff went to the school and video recorded AISD students and posted that on social media. (DE 1-54, pp. 31, 35, 38). This prompted one parent to express concern to AISD "for [her] son's ... safety, not only at school, but also at tonight's football game." (DE 1-54, p. 36; *see also,* DE 1-54, pp. 34, 35, 38 another citizen citing video and mentioning mass shootings post). The parent described Plaintiff taking video in the front office, where her son was an office aid, and stated Plaintiff's "behavior is concerning" because Plaintiff was a police officer and "has access to a weapon." (DE 1-54, p. 36). The parent was "quite frankly, scared" and asked that all "necessary precautions are taken to keep the students and staff out of harm's way." (DE 1-54, p. 36). This complaint came within the 24-hour period between September 23-24, 2019, in which the District received other complaints that immediately preceded the trespass warning. (DE 1-54, pp. 33-38.

The Aledo Middle School Principal received an email on September 23, 2019, about Plaintiff's "disturbing posts" regarding the school and the video of students and faculty. (DE 1-54, p. 35). The person provided screen shots and stated, "...due to the safety of Aledo's students and staff, I wanted to make sure that you are aware of the situation if you haven't already been advised." (DE 1-54, p. 35). The next day, an anonymous email described Plaintiff as "unhinged" and "extremely disgruntled," stating "he keeps mentioning school shootings." (DE 1-54, p. 33). The email urged AISD: "Please put this man on your radar." (DE 1-54, p. 33).

On September 24, 2019 another person emailed Superintendent Bohn personally and described Plaintiff's Facebook posts as "bullying." (DE 1-54, p. 34). The complaining party asked, "Is there anything that can be done with the situation? One of his comments was about mass shootings. He is supposedly a Fort Worth PD and is starting to concern a lot of us." (DE 1-54, p. 34). It is undisputed that the trespass warning was prompted by the aforementioned complaints. (DE 1-54, pp. 52-53, ¶ 10). Given the words and context of Plaintiff's speech, there can be no dispute that Plaintiff's actions and posts instilled in the AISD community "fear of violence," caused

disruption that the fear engendered, and Defendants' actions were solely aimed at protecting the AISD community "from the possibility that the threatened violence will occur." *Virginia v. Black,* 538 U.S. at 359-60, 123 S. Ct. at 1548. These facts fit squarely within the Supreme Court's mandate that such threatening and intimidating speech and conduct, inciting fear and causing a disruption, are not protected by the First Amendment. *Virginia v. Black,* 538 U.S. at 359-60, 123 S. Ct. at 1548.

Plaintiff failed to establish that his rights under the First Amendment were "clearly established." He cited to no "existing precedent ... [that] placed the statutory or constitutional question *beyond debate*" or evidence "that *every* reasonable official would understand that what [they are] doing violates the law." *Morgan v. Swanson,* 659 F.3d at 371. Plaintiff cites *Longoria v. San Benito ISD,* 942 F.3d 258 (5th Cir. 2019), for the proposition that "non-threatening off-campus speech" was clearly established since November 4, 2019. (DE 24, ¶ 21). First, the trespass warning was issued on September 24, 2019, prior to the *Longoria* decision. Second, *Longoria* is distinguishable as it involved suspension of a student from a cheer team for vulgar language, nothing remotely similar to Plaintiff's actions and talk of mass shootings aimed at a school community.[9] Plaintiff failed in his burden to show a violation of a clearly established right, that his rights were beyond debate, or that Defendants' actions were clearly unreasonable. *Morgan v. Swanson,* 659 F.3d at 371-72. Defendants Bohn and Collie are entitled to qualified immunity on the speech claim.

### E.   Association And Assembly Claims

Plaintiff did not mention his assembly claim; therefore, the claim is waived. *Magee v. Life Ins. Co. of N. Am.,* 261 F.Supp.2d 738, 748 & n. 10 (S. D. Tex. 2003). In response to Defendants'

---

[9] *Monroe v. Houston ISD,* 794 F. App'x 381 (5th Cir. 2019) was also issued after Plaintiff's September 2019 trespass warning. The decision is, likewise, distinguishable as it involved a categorical ban from board meetings (not present here) and additional prior restraints on specific types of speech (also not present here). The decision did not involve a qualified immunity analysis. Significantly, the Court recognized that threatening speech is not protected by the First Amendment.

motion related to his freedom of association claim, Plaintiff asserted that Defendant Collie referred to another citizen, Ben Youngblood, and stated that Youngblood was "not a guy you want to be dealing with." (DE 24, ¶ 34 (L)). Plaintiff offered no other facts. Plaintiff also offered no legal discussion to show a clearly established right under his alleged facts. Plaintiff did not cite "existing precedent ... [that] placed the statutory or constitutional question *beyond debate*" and evidence "that *every* reasonable official would understand that what [they are] doing violates the law." *Morgan v. Swanson,* 659 F.3d at 371. Defendants are entitled to qualified immunity.

## F.     Right to Petition Claim

Plaintiff offered no substantive legal or factual analysis in response to Defendants' motion regarding his petition claim. (*See* DE 24, ¶ 34(M)). Plaintiff readily admitted that he filed more than one grievance under District policy FNG and CKE that was considered by the Board of Trustees. (DE 24, ¶ 34(M); DE 6, ¶ 208; DE 6, ¶ 210). Plaintiff was not denied the opportunity to present his complaints to the District. (DE 1-54, pp. 51-52, ¶¶ 4-8). The criminal trespass warning informs Plaintiff that he may contact the campus or district administration to schedule meetings. (DE 1-54, p. 90). Plaintiff is not prohibited from attending Aledo ISD Board meetings. (DE 1-54, p. 53, ¶ 11). On these facts, Defendants are unable to discern the substance of Plaintiff's right to petition claim. It is Plaintiff's burden to state facts and present clearly established law showing that Defendants violated his constitutional rights. Plaintiff fails in all respects to do so here. Plaintiff's right to petition claim lacks merit and Defendants Bohn and Collie are entitled to qualified immunity.

WHEREFORE, Defendants Collie and Bohn pray that the Court grant their Motion to Dismiss and render judgment in their favor on all state and federal constitutional claims.

Respectfully submitted,

/s/*Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:      (512) 467-9318
Email:    brobinson@wabsa.com

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
P.O. Box 168046
Irving, Texas 75016-8046
Office:   (214) 574-8800
Fax:      (214) 574-8801
Email:    mwalker@wabsa.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Dunleavy
Law Offices of William J. Dunleavy, P.C.
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013

/s/*Bridget Robinson*
BRIDGET ROBINSON