IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES "CHAD" CAIN, III, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-442-O |
| ALEDO INDEPENDENT SCHOOL DISTRICT, et al, | § § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court is Defendants' Emergency Motion to Quash and For Protective Order and Brief in Support (ECF Nos. 38, 39). The discovery referenced in this motion is stayed pending the following:

1. Lead Counsel for Plaintiff and lead counsel for Defendant shall meet face-to-face in the offices of one of the attorneys located in this District (unless the parties agree to a different meeting location) in an attempt to resolve all matters in dispute.[1] This conference shall be held by **September 16, 2020.** Any attorney who fails to participate in this conference or confer in good faith will be subject to sanctions.

---

[1] The rules of the Northern District of Texas require the attorneys to hold *meaningful discussions* in an attempt to resolve this discovery dispute without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988). This dispute notwithstanding, *Dondi* also requires that "[A] lawyer owes, to opposing counsel, a duty of courtesy and cooperation." Finally, *Dondi* recognizes that "the rules dealing with discovery in federal cases are to be self-executing." All counsel are placed on notice that should the Court conclude that any attorney fails to comply with the *Dondi* standards in attempting to resolve this matter or during the course of this litigation, the Court intends to review that attorney (or attorneys) status to determine whether the attorney (or attorneys) privilege to practice in the Northern District of Texas should be revoked.

2. The parties shall submit a joint status report by **September 17, 2020**. This report must contain the following information: (a) the names of the attorneys and parties who participated in the conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of the reasons why agreement could not be reached as to those matters. The joint status report must be signed by all participating attorneys or parties. Any attorney or party who fails to sign the report will be subject to sanctions.

The purpose of a joint status report is to enable the Court to determine the respective positions of each party regarding the subject matter of a pretrial dispute in a single written submission. To this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report. If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The Court, in its discretion, may allow further briefing upon request by any party.

3. The parties shall file a notice on the docket and submit an agreed order in lieu of a joint status report on the docket if this dispute is resolved. An agreed order, signed by all counsel of record, must also be submitted electronically to the orders inbox.

Signed this 12th day of September, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**